# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## APRIL TERM, 1864.

COPPER HILL MINING COMPANY *v.* JAMES SPENCER,
ROBERT EPERSON, EUSTACE PARKER, HENRY
ATWOOD, L. LUCE, HENRY LUCE, AND WILLIAM
WHETTSTONE. (No. 1.)

MOTION FOR NEW TRIAL—STAY OF PROCEEDINGS.—The pendency of a motion for
a new trial does not operate as a stay of proceedings, so as to deprive the Court
of the power of vacating an order appointing a receiver made before the trial.

RECEIVER—VACATING ORDER APPOINTING.—The appointment of a receiver rests
in the sound discretion of the Court upon a view of all the facts; one of which is,
that the party asking the appointment should make out a *prima facie* case; and
after an *ex parte* appointment has been made, the order may be vacated, either
before or after the trial, upon a proper showing.

EFFECT OF MOTION FOR NEW TRIAL ON RECEIVER.—Where, pending an action, a
receiver has been appointed, and on the trial judgment of nonsuit is rendered
against the party at whose instance the receiver was appointed, a motion for a new
trial suspends the operation of the judgment so as to prevent it from operating as
a discharge of the receiver, unless an order is made discharging the receiver.

*Lurvey* v. *Wells, Fargo & Co.,* 4 Cal. 106, commented on.

APPEAL from the District Court, Sixteenth Judicial District, Calaveras County.

The facts are stated in the opinion of the Court.

*W. L. Dudley,* for Appellant.

By our statute, a receiver may be appointed by the Court, or a Judge thereof.

" 1st. Before judgment, provisionally, on the application of either party, when he establishes a *prima facie* right to the property, or to an interest in the property which is the subject of the action, and which is in possession of an adverse party, and the property, or its rents and profits, are in danger of being lost or materially injured or impaired."

" 3d. In such other cases as are in accordance with the practice of Courts of equity jurisdiction." (Wood's Digest, Art. 878.)

It has been well settled by this Court that the removal of metals from a mine is " taking away the entire substance of the estate, and comes within that class of trespass in which injunctions are now universally granted." (*Merced Mining Company* v. *Fremont,* 7 Cal. 321.)

Nothing has transpired subsequent to the appointment of the receiver to rebut the *prima facie* right of plaintiff to the mine.

The fact that on the trial of this cause the plaintiff became nonsuited, rebuts the *prima facie* right of plaintiff to the mine, is not tenable.

In *Wilson* v. *Corbier,* 13 Cal. 168, the Court says : "As a nonsuit determines *nothing,* the plaintiff may proceed, and under better proof, if he can procure it, try his case anew."

Again, we submit that the plaintiff having moved the Court to vacate said judgment of nonsuit, and grant the plaintiff a new trial, and served notice and filed statement to that end, such motion operated as a stay of proceedings, extending through the whole case, until the motion could be heard and determined. (See *Lurvey* v. *Wells,* 4 Cal. 106.)

Taking this decision, which asserts that motion for new trial stays the *operation* of the judgment, how could the order

appointing a receiver be vacated until that motion be decided? If the judgment of nonsuit *did* determine rights in favor of defendants, were they not held in abeyance by this motion? Judgments may operate to put a party in possession of a mine, to restore metals taken therefrom, and in the hands of a receiver; but if any proceeding stays the operation of the judgment for *one* purpose, why not for *all?* If restitution of the mine cannot be obtained while motion is pending, how is the ore to be reached that has been taken therefrom? In Justices' Courts, where the powers of such Courts are defined by statute, a Justice of the Peace has the right to appoint a receiver in actions respecting mining claims, and to keep him in possession of the gold dust or metals as "long as such action may remain *undetermined* in any Court." If a Justice of the Peace can appoint a receiver for such purpose, and after the action has been tried and determined in his Court, and an appeal be taken to the County Court, the receiver still remaining in possession, then what justice or equity would there be in discharging a receiver after trial and judgment in the District Court, while an appeal was pending in the Supreme Court from such judgment?

If the first subdivision of Art. 878, sec. 143, is not broad enough to cover this case, then the third is; and we submit that it is more in consonance with equity and justice that the metals taken from the mining claim in controversy should be held by the receiver until this suit is determined, than that they should now be turned over to the defendants.

*M. G. Cobb,* also for Appellants.

The appellants contend that a motion for a new trial, for the time being, stays all proceedings in the Court below as effectually and fully as they are stayed by force of an appeal.

In *Hicks* v. *Michael, et als.,* 15 Cal. 108, the Court below, under the one hundred and sixteenth section of the Practice Act, had granted, upon a rule to show cause, a restraining order. The application was for an injunction. Subsequently,

upon a hearing under the rule to show cause, the Court refused the injunction and dissolved the restraining order.

The plaintiff then applied to the Judge to fix the amount of a suspensive appeal bond, stating that it was his intention to appeal from the order, and that he had taken the necessary steps for that purpose. The Judge refused the application. Plaintiff then applied for a *mandamus* to compel the Court below to fix the amount of a suspensive appeal bond, on an appeal from an order refusing to grant an injunction and dissolving a restraining order, etc.

Mr. Chief Justice Field says: " The restraining order expired by its own limitation. * * * The direction of the District Judge that the restraining order be dissolved, was unnecessary. It follows, then, that no injunction was granted in the case, but expressly refused. * * * Can an appeal from an order of this character, (refusing an injunction,) operate *to create* an injunction, or to prolong a restraining order, until the ruling of the Judge can be reviewed by the appellate Court? It is clear that no such effect can be given to an appeal, even when the most ample bond of indemnity is tendered. Where an injunction has been refused, there is nothing operative. A stay can only be sought of that which has an existence, and by its operation is supposed to work injury to the appellant. It is, therefore, from the nature of the case, only of orders or judgments which command or permit some acts to be done, that a stay of proceedings can be had. Nor can an appeal operate to create an injunction under any circumstances."

In *Wood* v. *Dwight,* 7 Johns. Ch. 295, an injunction staying execution at law was dissolved, and from the order of dissolution an appeal was taken to the Court of Errors. The defendant thereupon moved to proceed at law, notwithstanding the appeal, and in deciding the motion Chancellor Kent said: " That after an order dissolving an injunction, or discharging a party from a writ of *ne exeat,* was duly entered, no subsequent appeal by the dissatisfied party could of itself affect the validity of the order, or revive the process and give it force and

effect. *An appeal only stays future proceedings* in the Court; but here is no further proceeding. The order is perfect and finished *eo instante* that it is entered."

Upon the authority of these two cases, the appellants contend that the motion for new trial in the case at bar operated as an effectual stay to the removal of the receiver.

*George Cadwalader*, for Respondent.

By the Court, SAWYER, J.

This action was brought on the 10th of July, 1862, to recover possession of a copper mine. On the 7th of August, the plaintiff filed an affidavit stating that "said defendants have taken from the copper mine in dispute some twenty or twenty-five tons of copper ore, and threaten to dispose of the same; and if a receiver is not immediately appointed, such threat will be carried into execution, and the said copper ore be lost to these plaintiffs." On the same day, on application of plaintiff, a receiver was appointed, and so far as shown by the record, without notice to defendants. The cause was tried in January. On the 26th of that month, at the close of the plaintiff's testimony, the Court—being of opinion that plaintiff failed to show title—granted a nonsuit on motion of defendants. The defendants then moved that the order of August 7th, appointing a receiver, be vacated; and the motion, after argument, was taken under advisement. Afterwards, within the time prescribed by law, the plaintiff moved to set aside the nonsuit, and for a new trial. On the 30th of March, while the motion for a new trial was still undetermined, the Court entered an order vacating the appointment of the receiver, and from this order the present appeal is taken.

It is insisted that the pendency of a motion for a new trial, *proprio vigore*, stayed all proceedings, and that it was error to vacate the order appointing a receiver, pending the motion. Admitting that the proceedings were stayed generally by the motion, it does not follow that the Court could not vacate the order.

The exercise of the power of appointing a receiver rests very much in the sound discretion of the Court, " to be governed by a view of the whole circumstances of the case, one of the circumstances being the probability of the plaintiff being ultimately entitled to a decree." (Adams' Equity, Ed. '59, p. 725, Note 1 ; Edwards on Receivers, 2.)

A *prima facie* right must be made out in the first instance. (Practice Act, section 143.) If it should subsequently appear that the appointment of the receiver was improvidently made, the Court would undoubtedly have power to vacate it. In this instance the Court, upon the trial, was satisfied that the plaintiff, upon his own testimony, failed to sustain the *prima facie* case made by his pleadings and affidavit. Upon such a state of the case, it was clearly competent for the Court to vacate the order, notwithstanding a motion for a new trial was pending, and admitting the effect of the motion to be to stay proceedings generally. The order might have been vacated before trial upon a proper showing, and with much greater reason after it had appeared upon the trial, to the satisfaction of the Judge, that there was no probability of an ultimate recovery in the action. The Judge does not appear to have vacated the order as a matter of course upon granting the nonsuit. He took the question under advisement, and it must be presumed that the propriety of continuing the receiver, under all the circumstances of the case, was fully considered. We cannot perceive, from anything shown by the record, that the Court, in vacating the order, exceeded the bounds of a sound judicial discretion. We may add, it is not clear that the affidavit makes a sufficient *prima facie* case to justify the appointment of the receiver in the first instance.

We think the case of *Lurvey v. Wells, Fargo & Co.*, 4 Cal. 106, has been misapprehended by appellant's counsel. That case does not hold, as seems to be supposed, that at the moment a notice of motion for a new trial is served the Court loses all power over the case, except such as relates immediately to the determination of that motion, until such motion is finally decided. It simply holds that when a party, within

the proper time, gives his notice and takes the steps necessary to perfect his motion, his rights as to such motion are preserved, and the Court retains its jurisdiction to grant a new trial, even though there should be an adjournment of the term before the motion is brought to a hearing. This was the only question considered by the Court, and all that was decided. The Judge below in that case construed the decision in *Baldwin* v. *Creamer*, as holding that unless a motion for new trial is perfected and decided at the same term at which the case is tried, the Court loses all jurisdiction over the case, and cannot grant a new trial at a subsequent term, although the party has taken all the necessary steps within the time prescribed by the statute, and no *hiatus* has occurred in his proceeding. On this construction he dismissed the motion for a new trial, on the ground that he had lost jurisdiction over the case by the adjournment of the term pending the motion. On the appeal the only point to which the attention of the Judge who delivered the opinion of the Court was directed, was whether, by the adjournment, the Court had lost jurisdiction to entertain the motion for a new trial. The Court did not undertake, nor did it intend to say, that all proceedings were necessarily stayed, or that no other action could be taken in the case till the motion for a new trial should be decided. There was no such question in the case, and all that was said had a direct reference to the precise question then under consideration, and to nothing else. To extend the decision of the Court beyond the question considered, would be to repeat the error committed by the District Judge in that very case, in construing the decision in *Baldwin* v. *Creamer*.

The motion for a new trial doubtless suspended the operation of the judgment of nonsuit, so far as to prevent it from operating of its own vigor as a discharge of the receiver, and preserved the rights of the plaintiff acquired under the order appointing the receiver until the order was directly acted upon by the Court. But it did not suspend the power of the Court to determine, under the circumstances of the case developed on the trial, the propriety of continuing the order in force till

the motion for a new trial should be finally determined. There is nothing in the case of *Lurvey* v. *Wells, Fargo & Co.*, when properly construed, inconsistent with the views here expressed.

Judgment affirmed.