THE PEOPLE *ex rel.* CARPENTIER *v.* GEORGE P. LOUCKS, COUNTY CLERK OF CONTRA COSTA COUNTY.

EFFECT OF MOTION FOR NEW TRIAL ON JUDGMENT.—The pendency of a motion for new trial does not stay proceedings upon the judgment. The party in whose favor the judgment is rendered is entitled immediately to the proper process for its enforcement unless proceedings are stayed by the Court.

MANDAMUS ON CLERK OF COURT.—The Clerk of a Court may be compelled by writ of mandate to issue process for the enforcement of a judgment, notwithstanding his liability on his official bond for damages for a refusal to do so.

WHEN MANDAMUS WILL LIE.—The rule that mandamus will not lie where the relator has another remedy is not universally true where the writ is sought against ministerial officers.

AN action for the recovery of a tract of land in Contra Costa County, and for damages for its detention, in which the relator was plaintiff and Thurston *et al.* were defendants, was tried in the District Court of the Fifteenth Judicial District, Contra Costa County, at the July term, 1864. A jury was waived, and the cause was submitted and taken under advisement by the Court. On the 24th of February, 1865, at a regular term of said Court, the attorneys for both parties being present, the Court announced its decision, and directed judgment to be entered against defendants, and an entry of the same was made by the Clerk in the minutes of the Court. The Court at the same time announced that the findings of fact would be filed thereafter. On the 11th day of March, 1865, the Judge signed his findings of fact and conclusions of law, and the same were delivered to the Clerk, but were not marked as filed by him until the 13th of March. On the 11th of March the plaintiff's attorney served on the attorney for defendants a written notice of the filing of the findings and decision. On the 13th of March the Clerk entered up a judgment in favor of plaintiff for restitution of the premises and for damages and costs. On the 22d of March, notice of intention to move for new trial was served on plaintiff's attorney and filed, and within five days thereafter a statement was made and filed. Afterwards, the plaintiff demanded of the Clerk that he issue a writ of *habere facias possessionem*, and an execution for the enforcement of the judgment, but the Clerk refused to issue the same because notice of motion for a new trial had been given. The plaintiff thereupon applied to the Supreme Court for a peremptory writ of mandate to compel the Clerk to issue the proper writ for the enforcement of the judgment.

*H. W. Carpentier*, in *pro per.*, for Relator.

*Thomas A. Brown*, for Respondent.

By the Court, Sanderson, C. J.

It is unnecessary to determine whether the respondent's motion for a new trial was in time or not. If in time it did not *per se* operate as a stay of proceedings, and the relator was entitled to final process upon his judgment, notwithstanding. The notion which has prevailed hitherto, that a motion, or notice of motion, for a new trial of itself stays all proceedings upon the judgment until such motion has been determined, is without foundation. The Practice Act contains no such provision. On the contrary, the reverse is at least implied. The one hundred and eightieth and one hundred and ninety-seventh sections provide when judgments shall be entered; and the two hundred and ninth provides that " the party in whose favor judgment is given, may, at any time within five years after the entry thereof, issue a writ of execution for its enforcement." Upon this provision the Act contains no limitation whatever, and it must necessarily follow that the party in whose favor the judgment is entered is entitled to his execution immediately, as therein provided, and he cannot be deprived of his right or delayed in its exercise by any mere act of the opposite party.

Doubtless this question might be regulated by a rule of Court, but in the absence of such a rule a party desiring a stay of proceedings pending his motion for a new trial must obtain an order to that effect from the Court, as in the case of a stay of the entry of judgment, as provided in Section 197. Upon such application the Court can grant the order unconditionally, or upon terms according to the circumstances of the case. If a stay would be likely to jeopardize the judgment an execution and levy might be allowed, and further proceedings thereafter stayed, or security for the payment of the judgment might be required, and the like. We think this question has been wisely left by the Practice Act to the sound discretion of the Court. The rule contended for on the part of the respondent might lead to a gross abuse of the right to move for a new trial. Were such a rule to prevail a motion

for a new trial could be made subservient to the dishonest purposes of the moving party, and all the benefits and fruits of the judgment might thereby become lost to the other side.

The case of *Lurvey* v. *Wells, Fargo & Co.*, 4 Cal. 106, does not establish the doctrine that a motion for a new trial *per se* stays execution upon the judgment until after it has been determined. No such question was involved in that case, as we recently had occasion to declare in the case of the *Copper Hill Mining Company* v. *Spencer*, 25 Cal. 16.

Nor has *Cowell* v. *Buckalew*, 14 Cal. 640, any application to the present case. That case was decided under the Constitution as it stood prior to the amendments of 1863, and the mandamus was denied upon the ground that the Court then possessed only appellate jurisdiction, and could issue, with the exception of writs of habeas corpus, only such writs and process as was necessary or proper for the exercise of that jurisdiction. Under the present Constitution this Court has original jurisdiction in cases of mandamus, as was held by us in *Tyler* v. *Houghton*, 25 Cal. 26.

Nor is there any doubt as to mandamus being the proper remedy. The judgment awards to the relator the possession of land which can be obtained only through the writ which he seeks. The duty of issuing the writ is especially enjoined upon the respondent, and it is manifest that a suit upon his official bond for damages resulting from a non-performance of that duty would be wholly inadequate. (*Fremont* v. *Crippen*, 10 Cal. 215.) In *McCullough* v. *The Mayor of Brooklyn*, 23 Wend. 461, it was said that although, as a general rule, a mandamus will not lie where the relator has another remedy, it is not universally true where the writ is sought against ministerial officers, notwithstanding they may be liable in an action on the case for a neglect of duty, they may be compelled by mandamus to exercise their functions according to law.

Peremptory mandamus allowed, with costs.

Mr. Justice SHAFTER expressed no opinion.