[No. 3,528.]

## SAGELY *v.* LIVERMORE AND CHESTER.

PROPERTY HELD BY SHERIFF AFTER EXPIRATION OF TERM.—It is not the duty of a Sheriff, at the expiration of his term of office, to turn over to his successor in office personal property held by him under a writ of attachment.

PAYMENT TO SECURE RELEASE.—A mere deposit with the Clerk of the Court, by a defendant in an attachment suit, of the amount of the judgment rendered against him in the suit, is not such a payment of the judgment as to entitle him to a release of the property attached in the suit.

APPEAL from the District Court of the Sixteenth Judicial District, Kern County.

On the 16th of March, 1869, the plaintiff, as Sheriff of Kern County, levied upon certain personal property belonging to one Stine, by virtue of a writ of attachment issued in a suit brought by defendant Livermore and Julius Chester against Stine. Subsequently Livermore obtained a judgment in that suit, but being dissatisfied with it, he moved for a new trial. His motion was denied, and he appealed to the Supreme Court. It appears from the findings that in June, 1869, Stine, " in open Court, in the presence of the plaintiff in this cause, paid the full amount of the said judgment." In March, 1870, pending the appeal, the plaintiff's term of office, as Sheriff, expired, but he continued to keep the property. The appeal was decided in March, 1872—the judgment being affirmed—and on the tenth of the following month the plaintiff delivered up the property. This action is brought to recover the fee fixed by the Court for keeping the property and mileage in returning it. The plaintiff had judgment and the defendants appealed.

*George Leviston, Jr.*, for Appellant.

*A. C. Lawrence* and *Catlin & McFarland*, for Respondents.

By the Court, WALLACE, C. J.:

The writ of attachment issued in the action of *Livermore* v. *Stine* commanded the Sheriff to attach and safely keep the property of the defendant in that action, or so much as might be sufficient to satisfy the demand of the plaintiffs. This writ had come to the hand of the plaintiff here, while

he was yet holding the office of Sheriff. He had partly executed it by seizing certain property, and had begun to execute that portion of its command which required him to safely keep the property. In this condition of things the plaintiff's term of office, as Sheriff, expired, and the first question made is, whether it was his duty to turn over the attached property to his successor in office.

This question is to be determined by reference to the provisions of the Act concerning Sheriffs. (Hitt. G. L., Sec. 6849, *et seq.*) It is provided by this statute (Sec. 6885, Subdivision 5) that the outgoing shall turn over to the incoming Sheriff " all executions, attachments, and final process, *except* those which he has executed or has begun to execute by the collection of money or a levy on property." A writ of attachment in his hands and under which nothing whatever has been done is to be turned over of course. But if the writ has been executed or if the outgoing officer has already begun its execution, it falls within the express exception found in the statute, and is, therefore, not to be turned over to the new incumbent. The Act nowhere provides that property held under a levy of a writ of attachment is to be surrendered to the new Sheriff. The only provision as to turning over *property as such* is found in the first subdivision of that section of the Act just referred to, and the property there mentioned is " the property *of the county*" in the hands of the retiring officer. We cannot, in the absence of an express provision of the statute, deduce from the statute any duty to turn over to the new incumbent property held under a writ of attachment, for whenever property is so held by an outgoing Sheriff, it must be because he has executed the writ so far as making seizure of the property, and has begun to execute it by keeping the property in his possession pursuant to the command of the writ, in either of which cases it seems to be the intent of the Act that the officer commencing to execute process shall complete it, notwithstand-

ing a change of the incumbency.   (*McKay* v. *Harrower*, 27 Bart. 468.)

The only other point to be noticed is the effect upon the writ of attachment of the deposit made by Stine, the defendant in attachment, with the Clerk, of the amount of the judgment.   A payment of the judgment made by the defendant in an attachment suit entitles him to a release of the property held under the writ of attachment, under section one hundred and thirty-three of the Practice Act; but a mere deposit of the amount, or, in the language of the answer and findings, a payment made to the Clerk, is not such a payment.

Judgment affirmed.

Mr. Justice Crockett did not express an opinion.