[Civ. No. 1791. Second Appellate District.—October 6, 1915.]

MATTHEW BAILEY, Appellant, v. T. A. BAKER, Sheriff of the County of Kern, Respondent.

CLAIM AND DELIVERY—UNDERTAKING FOR REDELIVERY—FAILURE OF SURETIES TO JUSTIFY—RIGHT OF PLAINTIFF TO PROPERTY—MANDAMUS.—Where in an action in claim and delivery, the plaintiff makes the affidavit and gives the undertaking required to obtain the provisional remedy allowed by section 509 et seq. of the Code of Civil Procedure, the right of the defendant to require the redelivery of the property to him is conditioned upon his giving the undertaking provided by section 514 of such code, and where after the giving of such undertaking, the defendant fails to proceed with the justification of his sureties, the plaintiff is entitled to have the property delivered to him, and *mandamus* will lie to compel such delivery.

ID.—UNDERTAKING FOR REDELIVERY—PLAINTIFF PARTY INTERESTED.—In an action in claim and delivery, the plaintiff, as well as the sheriff, is a person interested in the sufficiency of the undertaking given by the defendant to obtain redelivery of the property from the sheriff, and the requirement of section 515 of the Code of Civil Procedure that the plaintiff be given notice of the justification of the sureties upon such an undertaking is a recognition of the plaintiff's interest therein.

ID.—MANDAMUS—PROPER REMEDY.—In an action in claim and delivery, the plaintiff is not to be denied the remedy of *mandamus* to compel the sheriff to deliver the replevied property to him after nonjustification of the sureties on the defendant's undertaking to obtain redelivery, because of the fact that he would have the right to an action for damages against the sheriff, if after judgment in his favor, possession could not be delivered by such officer.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

J. W. Wiley, for Respondent.

CONREY, P. J.—This is an appeal by the plaintiff from a judgment denying his petition for a writ of mandate. That judgment followed an order sustaining a demurrer to the petition and failure of the plaintiff to amend.

The petition shows that a certain action entitled Matthew Bailey *v.* Security Trust Company et al., in the superior court of the county of Kern, was an action in claim and delivery wherein the plaintiff made the affidavit and gave the undertaking required to obtain the provisional remedy allowed by the Code of Civil Procedure, section 509 et seq. Pursuant to notice duly indorsed upon the affidavit the defendant herein, sheriff of the county of Kern, took possession of the personal property for recovery of which the action was being prosecuted. The petition herein says that the defendant as sheriff ''received some sort of undertaking from the defendant Security Trust Company for the purpose of the redelivery of the personal property herein described on or about July 23, 1913''; that no notice was given to the plaintiff or his attorney of a time and place when the sureties on defendant's said undertaking would justify, and those sureties have not justified in any manner or at all.

On July 31, 1913, the plaintiff made written demand upon the sheriff to deliver to him the property taken by him as aforesaid and the defendant sheriff refused to comply with that demand. It further appears that the property has not been claimed by any other person than those mentioned herein under section 519 of the Code of Civil Procedure, or at all.

The right of a defendant in a claim and delivery action to require the return to him of property taken from him by the sheriff is conditioned upon his giving to the sheriff an undertaking as provided by section 514 of the Code of Civil Procedure. Section 515 of the Code of Civil Procedure, reads as follows: ''The defendant's sureties, upon notice to the plaintiff of not less than two or more than five days, must justify before a judge or county clerk, in the same manner as upon bail on arrest; and upon such justification the sheriff must deliver the property to the defendant. The sheriff is

responsible for the defendant's sureties until they justify, or until the justification is completed or waived, and may retain the property until that time. If they, or others in their place, fail to justify at the time and place appointed, he must deliver the property to the plaintiff.''

The defendant contends that the right of the sheriff to withhold such property from the defendant until the defendant's sureties have justified is a right created solely for the benefit of the sheriff; that the plaintiff in the action is not interested in the justification of the sureties; that since the sheriff is held responsible for the defendant's sureties until they justify, the plaintiff has ample protection at law in this responsibility of the sheriff. We are unable to agree with this contention. It will be noted that the obligation of the defendant to cause his sureties to justify before a judge or county clerk is a positive and unconditional duty, which must be performed after giving notice to the plaintiff. This requirement of notice to the plaintiff is a recognition that the plaintiff, as well as the sheriff, is a person interested in the sufficiency of the undertaking. Failure of the defendant to proceed with the justification of his sureties after giving the undertaking provided for by section 514, is an abandonment of his attempt to require the return of the property to himself. Such abandonment gives to the plaintiff the right to have the property delivered to him by the sheriff the same as if no such undertaking had been given at all. This conclusion is fairly derivable from the language used in the code and is in harmony with the manifest intention thereof.

The remedy sought herein is one which, if granted, will compel the performance of an act which the law specially enjoins upon the defendant as a duty resulting from his office. It is not a sufficient objection to say that the plaintiff would have the right to maintain an action for damages against the sheriff if, after judgment in his favor in the first case, the possession of the property could not be delivered by the sheriff. To deny the writ on that ground would deprive the plaintiff in such action of a substantial right and take from him a direct and immediate remedy to which he is clearly entitled. (*People ex rel. Carpentier* v. *Loucks,* 28 Cal. 68.)

The judgment is reversed.

James, J., and Shaw, J., concurred.