[Civ. No. 2073.   Second Appellate District.—July 11, 1916.]

MATTHEW BAILEY, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF KERN and MILTON T. FARMER, Judge Thereof, Respondents.

MANDAMUS—ACTION TO COMPEL SHERIFF TO DELIVER PERSONAL PROPERTY—EXECUTION NOT STAYED.—An order of the superior court requiring a sheriff to take into his possession and deliver to the petitioner certain personal property and documents is not stayed by the mere fact of perfecting an appeal from the judgment therein, under the alternative method of appeal, without giving the stay bond provided in section 943 of the Code of Civil Procedure.

ID.—DUTY OF SHERIFF TO COMPLY WITH ORDER—ABILITY TO COMPLY—PROPERTY HELD BY THIRD PARTY.—It is the duty of a sheriff to comply with a judgment against him commanding him to take possession of and deliver to petitioner certain personal property, where the judgment has not been reversed or set aside and no stay bond

given; and whether the defendant can comply with the order by reason of the fact that the property is in the possession of another can only be determined by the court upon the showing made by him in response to a citation to show cause why he should not be punished for contempt for failure so to do.

ID.—JUDGMENT AGAINST HOLDER OF PROPERTY—STAY BOND ON APPEAL. The fact that another party having possession of the property in question has appealed from a judgment against it for its recovery and given a stay bond on appeal is not a matter for consideration in the proceedings against the sheriff.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a Writ of Mandate to direct the Superior Court of Kern County to issue a citation against the sheriff to show cause why he should not be punished for contempt of court for refusing to obey a Writ of Mandate.

The facts are stated in the opinion of the court.

E. L. Foster, George E. Whitaker, Charles A. Barnhart, Sullivan & Sullivan and Theo. J. Roche, Leon E. Morris, and Robert M. Clarke, for Petitioner.

Wiley & Lambert, and C. E. Arnold, for Respondents.

SHAW, J.—Original application to this court for a writ of mandate.

It appears that the petitioner, Matthew Bailey, as plaintiff, filed a petition in the superior court of Kern County, wherein Thomas A. Baker was made respondent, praying judgment that a writ of mandate be issued directed to Baker, as sheriff of Kern County, requiring him to deliver to petitioner certain personal property and documents in the petition fully described. Upon trial of said proceeding, judgment was rendered for the plaintiff, in accordance with which a peremptory writ of mandate was issued commanding Baker, as such sheriff, to immediately take into his possession the personal property and documents described therein and deliver the same to Matthew Bailey, the petitioner for said writ; that Baker refused to comply with the writ upon the ground that he had appealed from the judgment. Thereupon petitioner presented to the court an affidavit setting forth the fact of Baker's refusal to comply with the order of court,

and upon which he prayed that a citation be issued by respondent requiring Baker to appear and show cause why he should not be punished for contempt of court in so refusing to obey the writ of mandate. The court refused to issue such citation; whereupon petitioner has applied to this court for a writ of mandate to be directed to the respondent herein, requiring it to issue the citation to Baker as prayed for. In response to the alternative writ of mandate granted by this court directed to the respondent requiring it to show cause why it should not issue the citation prayed for by petitioner in the proceeding against Baker, respondent has made return, assigning as grounds for its refusal, first, the fact that Baker, adopting the alternative method of appeal as provided in sections 941a, 941b, and 941c of the Code of Civil Procedure, has perfected an appeal from the judgment wherein said writ of mandate was issued; and, second, that the defendant in a certain action for claim and delivery of the personal property and documents involved, brought by defendant against the Security Trust Company, and wherein judgment was rendered in favor of Bailey, has appealed therefrom, giving a stay bond as provided in section 943 of the Code of Civil Procedure.

It is conceded that Baker in perfecting his appeal gave no undertaking or bond whatsoever, and the sole question presented is whether or not the order made requiring Baker to take into his possession and deliver to petitioner the personal property and documents involved is stayed by the mere fact of perfecting an appeal from the judgment therein without giving the stay bond provided for in section 943 of the Code of Civil Procedure. This section provides: "If the judgment or order appealed from direct the . . . delivery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal, unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court, or a judge thereof, may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal." The order requiring Baker, as such sheriff, to deliver the documents and personal property to petitioner brings it clearly within the provisions of the section quoted. No bond or undertaking

was given, and hence the enforcement of the order was not stayed by the taking of an appeal therefrom. The perfecting of the appeal, whether taken pursuant to the alternative method in which no undertaking on appeal is required, or taken pursuant to sections 939, 940, and 941 of the Code of Civil Procedure, the last of which sections provides that an undertaking in the sum of three hundred dollars shall be filed, does not operate as a stay of execution where the judgment or order is one designated in sections 942 and 945, inclusive, of the Code of Civil Procedure. Thus, where an appeal from a judgment or order directing the payment of money is perfected under either method, it does not effect a stay of execution unless a written undertaking be executed on the part of the appellant in double the amount named in the judgment; and so where an appeal is taken from an order or judgment directing the delivery of personal property or documents, then, as provided in said section 943, an undertaking must be given in order to stay the enforcement thereof. (See *Ex parte Clancy*, 90 Cal. 553, [27 Pac. 411]; *Doudell* v. *Shoo*, 159 Cal. 448, [114 Pac. 579]; *United States Fidelity etc. Co.* v. *More*, 155 Cal. 415, [101 Pac. 302].) In support of its contention respondent relies upon the cases of *Palache* v. *Hunt*, 64 Cal. 473, [2 Pac. 245], and *Ballagh* v. *Superior Court*, 25 Cal. App. 149, [142 Pac. 1123]. In those cases, however, respondent was not required to deliver personal property or documents, and therefore the facts were not such as to bring the cases within the provisions of section 943, nor of any other provision of the code requiring a stay bond to be given.

Neither is the fact that the Security Trust Company has given a stay bond for a judgment rendered against it a matter for consideration in this proceeding. The judgment here is against Baker, and until reversed or set aside, since no stay bond was given, it is clearly his duty to comply with the order; and whether or not the order is one with which he can comply can only be determined by the court upon the showing made by him in response to a citation to show cause why he should not be punished for contempt for failure so to do.

In the absence of any stay bond given, plaintiff is entitled to the processes of the court to enforce the order made, which, until reversed or stay bond given, stands as a valid judgment to be enforced by the processes of the court to which peti-

31 Cal. App.—6

tioner is entitled for the purpose of having a judicial determination of the question as to whether Baker can perform the acts as ordered. Assuming the property to be held by another, there is nothing to show that such other would not on demand deliver it to Baker as sheriff, or that he has made any effort to obtain possession of it. At all events, no legal reason whatever is presented here showing why Baker should not comply with the order, from which it follows that the trial court respondent here should issue the citation, and upon a hearing determine whether he be in contempt for disobedience of the order.

The alternative writ heretofore issued directing respondent to issue the citation as prayed for by petitioner is made peremptory.

Conrey, P. J., and James, J., concurred.