[Crim. No. 522.    Second Appellate District.—December 13, 1916.]

## In the Matter of the Application of T. A. BAKER for a Writ of Habeas Corpus.

SHERIFF — EXPIRATION OF TERM — DELIVERY OF PROPERTY TAKEN IN CLAIM AND DELIVERY ACTION—MANDAMUS.—Under the provisions of section 4171 of the Political Code, a sheriff cannot be compelled by writ of mandate after the expiration of his term of office to take ·into his possession, and deliver to the plaintiff in an action in claim and delivery, certain property which had been taken by him into his possession while he was sheriff, and afterward wrongfully returned by him, while he was sheriff, to the defendant in such action.

ID.—SERVICE OF UNEXECUTED PROCESS BY SUCCESSOR IN OFFICE—CONSTRUCTION OF CODE—CLAIM AND DELIVERY PROCEEDINGS INCLUDED. The word "process" as used in section 4171 of the Political Code, which provides that when any process remains with the sheriff unexecuted in whole or in part at the expiration of his term of office, the same shall be executed ·by his successor, includes the proceedings which authorize a sheriff to take property in claim and delivery.

ID.—PERFORMANCE OF OFFICIAL DUTIES—CHANGE IN INCUMBENCY— POLICY OF LAW.—The policy of the law as declared in section 4171 of the Political Code seems to be that the official duties pertaining to the office of sheriff shall, so far as possible, be performed by the actual incumbent of the office, and that the powers of the office shall not continue to be exercised by one whose term has expired.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District to secure the discharge of the petitioner from a commitment for contempt of court.

The facts are stated in the opinion of the court.

Wiley & Lambert, and C. E. Arnold, for Petitioner.

E. L. Foster, Leon E. Morris, Sullivan & Sullivan and Theo. J. Roche, and Robert M. Clarke, for Respondent.

CONREY, P. J.—The petitioner is in custody of the sheriff of Kern County by virtue of a commitment issued out of the superior court of that county. Claiming that his imprisonment is unlawful, he applied to this court for a writ of *habeas corpus,* which was granted. The commitment is based upon

an order made by the superior court on date September 26, 1916, wherein petitioner was required to pay a fine of five hundred dollars as punishment for a contempt of court; and wherein it was further ordered that in default of payment of the fine he be imprisoned in the county jail until the fine is satisfied at the rate of one day's imprisonment for each $2 unpaid of the fine.

Petitioner was sheriff of Kern County for the term ending in January, 1915, when he was succeeded by D. B. Newell, the present sheriff. During the year 1913, one Matthew Bailey commenced an action in the superior court of Kern County against Security Trust Company, a corporation, to recover possession of certain corporation certificates of stock and other documents. Under claim and delivery proceedings in that action, Baker, as sheriff, took possession of that property. Thereafter Bailey applied to the superior court for a peremptory writ of mandate to compel the sheriff to deliver the property to him. In that proceeding a judgment rendered in favor of the sheriff was reversed by this court. (*Bailey* v. *Baker*, 28 Cal. App. 537, [153 Pac. 242].) Baker's defense in that case, as presented in this court, was that he had lawfully returned the property to Security Trust Company by reason of a redelivery bond received by him from the company, and this court held that under the facts then shown by the record the redelivery bond was ineffective, and that the stated defense could not be maintained. When the case of *Bailey* v. *Baker* was restored to the calendar of the superior court, it was tried again between the original parties, the plaintiff contending that Baker continued to be sheriff for the purpose of completing the duties pertaining to his office in the claim and delivery proceeding. On February 9, 1916, the superior court filed "findings of fact and conclusions of law," which on February 10th were recorded in its book of judgments, and no other judgment was entered. The so-called findings contained a direction that the writ of mandate issue. On the ninth day of February a writ of mandate was issued to Baker "as sheriff of the county of Kern, State of California, to perform the duties as sheriff, . . . in that certain action entitled *Matthew Bailey* v. *Security Trust Co. et al.*, to deliver possession of the personal property hereinafter mentioned and described to the plaintiff." The writ required Baker, as sheriff, to take into

his possession immediately the described property and deliver it to Bailey, and to make due return of the writ and of his proceedings thereunder on February 14, 1916. The writ was delivered to Baker on the ninth day of February. He made to the superior court no return whatever and did not deliver the property to Bailey, nor did he take it into possession.

On April 8, 1916, an affidavit was filed by Bailey's attorney in the case of *Bailey* v. *Baker,* setting forth the facts concerning the award and issuance of the writ of mandate, and that Baker had failed and refused to comply therewith, and praying that a citation issue requiring Baker to show cause why he should not be punished for contempt of court in refusing to comply with said writ. In the affidavit it was stated that Baker refused to perform the acts required by the writ, and informed affiant that he did not have to perform those acts. At that time the superior court refused to issue the citation for contempt, and a writ of mandate was granted by this court directing that the lower court issue the demanded citation. In that proceeding we held (against the contention of the respondent superior court) that the fact that Baker has appealed from the judgment rendered against him in the mandate proceeding of *Bailey* v. *Baker* (no undertaking having been given for stay of enforcement of the writ), would not excuse him from performing the acts required by the writ in that proceeding. (*Bailey* v. *Superior Court,* 31 Cal. App. 78, [159 Pac. 990].) The superior court having issued the citation, tried the issues raised by Baker's answer to the order to show cause, and thereupon made the above-mentioned order of September 26th, pursuant to which the commitment was issued whereby Baker is in custody. In that order it was recited that the material allegations contained in the affidavit for contempt were true.

In the above-mentioned proceeding of *Bailey* v. *Superior Court,* wherein we directed that the citation issue, the point was presented, but not very fully argued, that Baker having ceased to be sheriff of the county of Kern, no longer had power to perform any official duties, and therefore could not be required to do the things prescribed by the writ of mandate issued to him. On the other side of the question we were referred to *Sagely* v. *Livermore,* 45 Cal. 613, and *Perrin* v. *Mc-Mann,* 97 Cal. 52, [31 Pac. 837], as well as decisions in other jurisdictions. (35 Cyc. 1543, 1544.) In *Sagely* v. *Livermore*

it was held that under the statutes then in force, it was then the intent of the law that an officer commencing to execute process should complete it, notwithstanding a change in the incumbency. Not only was the rule thus established under the statutes existing at the time of that decision, but the same rule existed at common law. (*People* v. *Kendall,* 14 Colo. App. 175, [59 Pac. 409].) In the present proceeding, petitioner renews the contention that his authority as sheriff has ceased, and that he was and is without power to comply with the writ of mandate requiring him to retake possession of the property involved in that proceeding. Our attention is now directed to changes in the statutes, to which no reference was made by respondent in *Bailey* v. *Superior Court,* by reason whereof petitioner claims that his position is sustained. With this contention (notwithstanding our order and opinion in the case last mentioned) it seems that we must agree. It is provided by section 4171 of the Political Code, that, " . . . When any process remains with the sheriff unexecuted, in whole or in part, . . . at the expiration of his term of office, said process shall be executed by his successor or successors in office; . . . " This provision was first placed in the County Government Act of 1883. [Sec. 107.] It was repeated in the successive re-enactments of that act, and then carried over into the Political Code as now contained in section 4171. The subject is discussed in *Wood* v. *Lowden,* 117 Cal. 232, [49 Pac. 132]. It was there held that under the provisions of the County Government Act, as enacted in 1883, where a writ of attachment was received by the sheriff prior to the expiration of his term of office, and his execution thereof had not been completed at the expiration of his term, but the attached property remained in his hands as sheriff (he being his own successor in office), his acts, after the commencement of the new term of office, were performed under the authority conferred by his second incumbency; and that the sureties on his bond as sheriff for the first term were not liable for neglects of duty by him in the performance of his duties after the expiration of that first term. The court said that the case was within the terms of the statute which provided that writs unexecuted in whole or in part by a sheriff "shall be executed by his successor."

There is no doubt in our minds that the word "process," as used in Political Code, section 4171, includes the proceedings

which authorize a sheriff to take property in claim and delivery. Section 4319 is contained in the same title with 4171, and declares that "'process,' as used in this title, includes all writs, warrants, summons, and orders of courts of justice, or judicial officers. . . . " And in section 17 of the same code "process" is defined as "a writ or summons issued in the course of judicial proceedings." In *Laughlin* v. *Thompson,* 76 Cal. 287, [18 Pac. 330], it is stated that in case of claim and delivery the affidavit, order indorsed thereon, and undertaking all go into the hands of the officer "and constitute the process." The fact that a provision of the code is in derogation of the common law does not require that it be strictly construed. The provisions of the code and all proceedings under it are required to be liberally construed, "with a view to effect its objects and to promote justice." (Pol. Code, sec. 4.) The policy of the law as declared in section 4171 seems to be that the official duties pertaining to the office of sheriff shall, so far as possible, be performed by the actual incumbent of the office, and that the powers of the office shall not continue to be exercised by one whose term has expired. Unexecuted process in his hands does not lose its force, but the power of the law with respect to such process thereafter moves through the arm of the new officer, to whom whatever belongs to the office should be delivered.

Our conclusion as to the matters above stated renders it unnecessary in this proceeding to determine other questions proposed in the argument of counsel, and which have to do with the validity of the writ of *mandamus* as it was issued in this case, assuming that it had been directed to a sheriff then having power to act. Neither are we at this time concerned with the liability of the petitioner on account of his failure while sheriff to deliver to the plaintiff property which the plaintiff was entitled to receive from him.

The petitioner is discharged from custody.

James, J., and Shaw, J., concurred.