[Civ. No. 2055.    Second Appellate District.—April 17, 1917.]

## MATTHEW BAILEY, Respondent, v. T. A. BAKER, Sheriff of the County of Kern, Appellant.

SHERIFFS—UNEXECUTED PROCESS AT EXPIRATION OF TERM—DUTY OF SUCCESSOR—MANDAMUS.—Under the provisions of section 4171 of the Political Code, process remaining with a sheriff unexecuted at the expiration of his term of office is to be executed by his successor, and *mandamus* will not issue to compel the outgoing sheriff, after the expiration of such term, to complete the execution of partly executed process.

APPEAL from a judgment of the Superior Court of Kern County.    Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

J. W. Wiley, for Appellant.

E. L. Foster, Geo. E. Whitaker, and Chas. A. Barnhart, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment directing the issuance of a peremptory writ of mandate requiring him, as sheriff of the county of Kern, to take possession of and deliver to the plaintiff certain described personal property. A former judgment, rendered in October, 1913, after an order sustaining a demurrer to the petition, was reversed by this court. For a statement of the facts alleged in the petition we refer to that decision. (*Bailey* v. *Baker*, 28 Cal. App. 537, [153 Pac. 242].) The case was tried by the superior court in January, 1916, and the present appeal purports to be from a judgment rendered on February 9, 1916.

The court found the facts in accordance with the allegations of the petition; also that the personal property described in the petition was not claimed by any person other than the Security Trust Company; also that after having taken possession of the property as required in the claim and delivery proceedings in the action of *Bailey* v. *Security Trust Company,* the defendant sheriff redelivered the same to that corporation, although there had not been given to the plain-

tiff Bailey any notice of time and place when the sureties would justify, and the sureties did not justify upon the re-delivery undertaking which had been given by the Security Trust Company to the sheriff. The court further found that the term of defendant Baker as sheriff expired in January, 1915, and that from and after that date one D. B. Newell was and is the duly elected, qualified, and acting sheriff of Kern County.

Appellant claims that the judgment should be reversed for the reason that a writ of mandate may not issue against an ex-sheriff to compel him to perform duties under process placed in his hands while he was sheriff. We have decided this question in another proceeding incidental to the present case. (*Ex parte Baker,* 32 Cal. App. 320, [162 Pac. 922].) That was a *habeas corpus* proceeding arising out of an order committing Baker to the custody of the sheriff for contempt by reason of his refusal and neglect to comply with the directions of the writ of mandate issued in this case. This court held that the duties of sheriff under the facts of this case were controlled by section 4171 of the Political Code, wherein it is provided that: ". . . When any process remains with the sheriff unexecuted, in whole or in part, . . . at the expiration of his term of office, said process shall be executed by his successor or successors in office. . . ." Having stated the rule that the powers of the office shall not continue to be exercised by one whose term has expired, we said: "Unexecuted process in his hands does not lose its force, but the power of the law with respect to such process thereafter moves through the arm of the new officer, to whom whatever belongs to the office should be delivered." We are satisfied with the conclusions reached in *Ex parte Baker, supra,* from which the further conclusion follows that the appeal should be sustained.

The judgment is reversed.

James, J., and Shaw, J., concurred.