[Civ. No. 2361.     Second Appellate District.—July 21, 1917.]

## MATTHEW BAILEY, Petitioner, v. SECURITY TRUST COMPANY (a Corporation), Respondent.

CLAIM AND DELIVERY—FAILURE OF SURETIES TO JUSTIFY ON REDELIVERY BOND—RETURN OF PROPERTY.—In an action in claim and delivery, the failure of the defendant to cause its sureties to justify on its redelivery bond amounts to an abandonment of its attempt to require the return to it of the property, and gives the plaintiff the right to have the property delivered to him by the sheriff the same as if no such undertaking had been given at all.

ID.—WRONGFUL REDELIVERY OF PROPERTY BY SHERIFF—STATUS OF DEFENDANT—MANDAMUS.—Where in a claim and delivery action the property is wrongfully redelivered by the sheriff to the defendant, the possession of the defendant is the sheriff's possession, and *mandamus* will lie at the instance of the plaintiff to compel its redelivery to him.

ID.—EXPIRATION OF TERM OF OFFICE—MANDAMUS—PARTIES.—Where property is wrongfully redelivered by the sheriff and such officer goes out of office, his successor in office is not a necessary party defendant in a *mandamus* proceeding against the defendant to compel the delivery of the property to the plaintiff.

ID.—PETITION FOR MANDAMUS—COMPLIANCE WITH STATUTE.—The petition for the writ of mandate is not subject to general demurrer for insufficiency for failure to set out the contents of the affidavit, undertaking, and order which constituted the process under which the property was seized, where it is alleged that such documents were made in accordance with the provisions and requirements of the Code of Civil Procedure, and that upon receiving those documents the sheriff took the property into his possession.

ID.—AFFIDAVIT—RETURN TO WRIT.—The return to the alternative writ of *mandamus* denying that the respondent was ever served with a copy of the affidavit, set forth in the petition, but that a copy of the only affidavit served on him was annexed to the return, does not charge a defect in the affidavit made by petitioner, but merely that the sheriff did not serve on him a true copy.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel the delivery of personal property.

The facts are stated in the opinion of the court.

E. L. Foster, Charles A. Barnhart, Leon E. Morris, Sullivan & Sullivan and Theo. J. Roche, Robert M. Clarke, and M. C. Lynch, for Petitioner.

Wiley & Lambert, for Respondent.

CONREY, P. J.—This is an application for a writ of mandate to require that the respondent deliver to the petitioner the personal property described in the petition. An alternative writ was issued. Respondent is now before the court for the purpose of showing cause why a peremptory writ should not be granted. Such writ should not issue unless it appears that respondent should be compelled to perform the demanded act as an act which the law specially enjoins upon respondent "as a duty resulting from an office, trust or station," or unless the writ should issue to compel the admission of petitioner "to the use and enjoyment or a right or office to which he is entitled, and from which he is unlawfully precluded by such . . . person." (Code Civ. Proc., sec. 1085.)

This is a proceeding incidental to an action for the possession of the described property. An appeal by the defendant from a judgment in that action is now pending in the supreme court. At the time of commencement of the action in June, 1913, an affidavit and undertaking in claim and delivery were made, which, on July 18, 1913, were delivered by the plaintiff to the sheriff, together with an order indorsed by the plaintiff's attorney upon the affidavit, requiring the sheriff to take the property from the defendant. These documents were filed by the sheriff, T. A. Baker, on the twenty-sixth day of July, 1913, in the office of the clerk of the superior court of Kern County, with the sheriff's return thereon showing that on the eighteenth day of July, 1913, he took possession of the property. In his return the sheriff further stated that "at the same time I delivered to the defendant, Security Trust Company, a copy of the within affidavit and order and undertaking duly approved by me, and the defendant not having excepted to such surety, claimed the redelivery of said property by giving me an undertaking in due form, and the sureties thereon having justified, and no other person having made claim to such property in due form, I redelivered the said property to the defendant."

At the time of filing its return to the alternative writ herein, respondent by its attorneys moved this court to strike from the petition filed in this proceeding those portions thereof reading as follows:

(1) "That prior to said demand, and on the 12th day of January, 1917, this petitioner made a written demand, a copy of which is hereto annexed, and made a part hereof, and referred to as 'Exhibit B,' upon one D. B. Newell as Sheriff of the said County of Kern, said D. B. Newell being the duly elected successor in office to said T. A. Baker, whose term of office expired January 2nd, 1915, to take said property into his possession, and deliver the same to said petitioner, but said Sheriff then refused and has ever since refused to do so; that at the time of this demand upon said D. B. Newell, to-wit: the 12th day of January, 1917, petitioner made a written demand upon the respondent herein, a copy of which demand is hereto attached, marked 'Exhibit C' and referred to and made a part hereof, to deliver said property to said D. B. Newell for delivery to said E. L. Foster and Chas. A. Barnhart as attorneys for this petitioner, that said respondent failed and refused to do so; that the said property now is, and at all times herein mentioned, except as otherwise alleged in paragraph V hereof, has been, in the possession and control of the respondent herein."

(2) "That said property has greatly increased in value since the commencement of the action in claim and delivery mentioned in paragraph IV hereof and is now worth more than Eighteen Thousand ($18,000.00) Dollars, and is worth Seventy Thousand ($70,000.00) Dollars; that this petitioner is as of right entitled to the possession of said property; that the possession of said property would greatly enhance said petitioner's security for the due execution and satisfaction of the judgment rendered by the Superior Court hereinabove referred to in the event that said judgment should be affirmed by the Supreme Court of this State; that in the event said judgment be so affirmed this petitioner would prefer and desire to have the said property, rather than a sum of money, in satisfaction of said judgment; that the said property would be of greater value to him than the sum of Eighteen Thousand ($18,000.00) Dollars; that said property is of a peculiar value in that the shares of stock of the said Kern Mutual Telephone

Company are very limited in number and cannot be obtained in the market.''

(3) ''That petitioner has constantly tried to obtain the possession of said property and for that purpose has taken the following proceedings, all of which failed: On or about the 26th day of August, 1913, the petitioner herein petitioned the Superior Court of the State of California in and for the County of Kern, for a writ of mandate to compel the aforesaid T. A. Baker as sheriff of the County of Kern, to deliver to said petitioner the said property. The writ was denied by the said Superior Court, but on an appeal to this, the Honorable District Court of Appeal of the State of California for the Second Appellate District, the judgment of the lower court was reversed. *Bailey* v. *Baker* (1915), 28 Cal. App. 537, [153 Pac. 242]. Upon a subsequent trial in the said Superior Court, the writ of mandate was issued. From the judgment therein, said T. A. Baker appealed and pending said appeal, refused to comply with the mandate. Thereupon the petitioner herein presented to said Superior Court an affidavit setting forth the fact of said Baker's refusal to comply with the order of the court, and upon which he prayed that a citation be issued to said Baker requiring him to appear and show cause why he should not be punished for contempt of court in so refusing to obey the writ of mandate. The court refused to issue such citation, whereupon petitioner herein petitioned this, the Honorable District Court of Appeal of the State of California for the Second Appellate District, for a writ of mandate to be directed to the said Superior Court, requiring it to issue the citation to said Baker as prayed for. This writ was issued. *Bailey* v. *Superior Court,* 31 Cal. App. 78, [159 Pac. 990], (July 11, 1916). The citation was then issued and said Baker, failing to show cause, was committed by said Superior Court for contempt. The said Baker then petitioned this the said Honorable District Court of Appeal, for a writ of *habeas corpus.* This writ was issued on the ground that said Baker was no longer sheriff, his term having expired January 2nd, 1915. *In re Baker,* 32 Cal. App. 320, [162 Pac. 922], (Dec. 13, 1916).''

(4) ''That this petition is made in the first instance to this The Honorable District Court of Appeal of the State of California, for the Second Appellate District, rather than to the Superior Court of the State of California in and for the

County of Kern, for the reason that petitioner desires to have the possession of said property at and before the time when the Supreme Court of the State of California shall render its decision in the aforesaid action entitled *Matthew Bailey,* Plaintiff, vs. *Security Trust Company,* a Corporation, *John Doe and Richard Roe,* Defendants; that any process or writ issued from any court will be useless after such decision; that an application to the said Superior Court would involve the possibility of a great and injurious delay; that such delay might be sufficient to prevent this petitioner from securing the desired or any relief prior to a decision by the Supreme Court as above stated, and that this proceeding is the only plain, speedy, and adequate remedy available to petitioner."

We find no important reason for striking from the petition the quoted paragraphs. While the facts stated in those paragraphs may be not essential to a complete statement exhibiting the legal rights of the parties, they serve to show that the plaintiff has diligently sought to obtain the relief demanded by him, and the facts stated are appropriate when the petitioner is appealing to the discretion of the court, particularly in the matter of granting the writ originally in this court without requiring the petitioner in the first instance to resort to the superior court. Rule XXVI of the rules of the supreme court and district courts of appeal, [160 Cal. liv, 119 Pac. xiv], requires that the petition, "in addition to the necessary matter requisite by the rules of law to support the application, shall also set forth the circumstances which, in the opinion of the applicant, render it proper that the writ should issue originally from the appellate court to which such application is made, and not from such lower court." The motion to strike said paragraphs from the petition is denied.

The petition states that at the time of commencing his action, in June, 1913, the petitioner "made an application in accordance with the requirements and provisions of section 510 of the Code of Civil Procedure and delivered said affidavit together with an order and an undertaking executed in accordance with the provisions and requirements of section 512 of the Code of Civil Procedure to one T. A. Baker, as sheriff of the county of Kern, in which county the said property was then and is now located, requiring said sheriff to take the said property from the respondent herein; that the said sheriff forthwith took into his possession the property described in

said affidavit, which is the same property described in paragraph II hereof.'' Then follows a statement of the subsequent return of the property by the sheriff to the defendant, under circumstances stated, which are the same as are described in our decision in *Bailey* v. *Baker,* 28 Cal. App. 537, [153 Pac. 242]. In that decision we held that the failure of the Security Trust Company to cause its sureties to justify (after notice to plaintiff), on its redelivery bond, amounted to an abandonment of its attempt to require the return to it of the property; that such abandonment gave to the plaintiff the right to have the property delivered to him by the sheriff the same as if no such undertaking had been given at all. We remain satisfied that the law is as in that decision it was held to be. The return of respondent herein does not deny the essential facts. In the meantime Sheriff Baker has gone out of office without completing the performance of his duty. Wrongfully he delivered to the defendant, Security Trust Company, the property held by him as sheriff under valid process which constituted his authority to act in the matter. (*Ex parte Baker,* 32 Cal. App. 320, [162 Pac. 922].) Wrongfully the defendant received and wrongfully it holds that property in its possession. The affidavit, undertaking, and order under which the seizure was made by Sheriff Baker are in the office of the clerk of the superior court, although they should now be in the hands of Newell, the present sheriff. (*Ex parte Baker, supra.*) In the proper performance of his duty Newell would obtain possession of those papers and would execute the process by taking the property and delivering it to the plaintiff, but he has refused to do so, notwithstanding that the plaintiff has demanded of him the performance of that duty. The property when taken into possession by Sheriff Baker became property *in custodia legis,* and its status has never changed. (*Detroit & M. Ry. Co.* v. *Alpena Circuit Judge,* 152 Mich. 201, [115 N. W. 724]; *August* v. *Gilmer,* 53 W. Va. 65, [44 S. E. 143].) The Security Trust Company holds this property in its actual possession, but not in legal possession. So far as this proceeding is concerned, its possession is the sheriff's possession, in the same sense that this would be true if Sheriff Baker had left the property in the hands of some keeper employed by him. Such keeper or deputy would have the property in possession by virtue of no rights other than those pertaining to an agent

34 Cal. App.—23

of the sheriff. See *Aigeltinger* v. *Whelan,* 133 Cal. 110, [65 Pac. 125], where a warehouseman receiving attached goods from a sheriff was held to be the sheriff's agent. Such agent would be compellable by mandate to surrender the goods to the person entitled. So it is with this defendant. It holds property that is in custody of the law. Its holding under the circumstances constitutes a trust for the delivery of the property to the plaintiff. The performance of that duty is by the law specially enjoined upon the sheriff and therefore is enjoined upon his agent, the defendant. In refusing to perform the duty and execute the trust enjoined upon it, the defendant is unlawfully excluding the plaintiff from the use and enjoyment of a right to which he is entitled.

Upon the stated facts, the petitioner might ask for and would be entitled to a writ of mandate against Sheriff Newell, and that officer would have been a proper party defendant in this proceeding. But the demurrer filed by the respondent does not include any claim of defect of parties, and we think that the failure to join the sheriff as defendant does not affect the validity of the plaintiff's cause of action as stated against the defendant Security Trust Company. The plaintiff being entitled to immediate possession of property which is legally in the custody of the court, the remedy is essentially the same whether the delivery be made directly by the defendant to the plaintiff or whether it be made through the hands of the sheriff. The difference between the two modes of delivery would be rather of form than of substance. If there is any force in the law, plaintiff should have the benefit thereof as directly as legal procedure will allow. It has been held that even where by authority of claim and delivery proceedings property seized in replevin was rightfully delivered by the sheriff to one of the parties, the property continued to be *in custodia legis* and the party in possession thereof stood substituted for the sheriff as custodian pending the action. (*Mohr* v. *Langan,* 162 Mo. 474, [85 Am. St. Rep. 503, 63 S. W. 409].) Much more should this be so when the sheriff, without right to do so, put such property into the possession of the party not entitled thereto.

Respondent claims that the petition herein does not state a cause of action because it does not set out the contents of the affidavit, undertaking, and order which constitute the process under which the property was seized by the sheriff.

As quoted above, the petition merely states that these documents were made in accordance with the provisions and requirements of the Code of Civil Procedure, and that upon receiving those documents the sheriff took the property into his possession. We think that this was a sufficient pleading for the purpose of stating a cause of action, and that the objection could only be reached by a demurrer for uncertainty, if the objection could be maintained at all. If it were necessary for the plaintiff in an action to show that a summons from a court of record had been duly issued and served prior to the entry of a default, the mere statement of those facts, without setting out a copy of the summons, would ordinarily be sufficient. A denial of the facts alleged would require that the plaintiff produce the record; but in the absence of such denial the fact that the summons was in due form would be assumed. The allegations of a pleading are to be liberally construed. (Code Civ. Proc., sec. 452.) Here we have the statement that the affidavit and undertaking were, made in accordance with the provisions of sections 510 and 512 of the Code of Civil Procedure, and that an order was made in connection therewith requiring the sheriff to take the property from the defendant. (Code Civ. Proc., sec. 511.) Those sections of the code state what the contents of such documents should be; the allegations of the petition may fairly be construed as equivalent to a statement of the facts showing that the documents were in form and substance in accordance with the requirements of those sections. The sheriff acted upon those documents in taking the property into his possession, and his right so to do was not challenged by the defendant.

Let the peremptory writ issue.

Works, J., *pro tem.*, and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 31, 1917, and the following opinion then rendered thereon:

THE COURT.—In its petition for rehearing in this cause respondent insists that we did not fully dispose of its claim that the affidavit filed by plaintiff in the claim and delivery proceeding was insufficient to authorize the sheriff's seizure

of the property. We held that the petition herein sufficiently stated facts showing that the affidavit met the necessary requirements of the law. But respondent now directs our attention more particularly to its return filed in this proceeding, wherein respondent "denies that it was ever served with a copy of the affidavit or any affidavit made by or on behalf of petitioner in the cause mentioned and set forth in paragraph IV of petitioner's petition; that the only affidavit ever served upon or received by this respondent in said cause is set forth by an order [copy?] thereof annexed hereto and made a part hereof and marked 'Exhibit A.' '' Exhibit A purports to be a copy of an affidavit made by Matthew Bailey wherein Bailey says "that he is the plaintiff in the above-entitled action and that he is entitled to the possession of the following described personal property, [giving the description;] that the said property is in the possession of and wrongfully detained by the defendant in this action, and that the alleged cause of detention, as this plaintiff is informed and believes, is that they claim one Matthew S. Platz has some claim on said property; that said property has not been taken for a tax,'' etc.

It is true that in our decision of this case we did not pay special attention to the foregoing language of the return. This arose out of the fact that respondent's written argument purported to be "in support of demurrer to petition," and we were considering and our attention was principally directed to that demurrer and to the sufficiency of the petition attacked by the demurrer. We did say, however, that the return filed by respondent herein does not deny the essential facts alleged in the pleading, and the record justifies our statement. The return did not state that the copy of affidavit annexed thereto was a copy of the affidavit which had been delivered by the plaintiff to the sheriff in connection with the undertaking and order. On the contrary, respondent denied that it was ever served with a copy of the affidavit made by the plaintiff. Therefore, the allegations of the return charge no defect in the process, but merely charge that the sheriff did not serve on the defendant a true copy.

The other points mentioned in the petition for rehearing were considered in rendering the principal decision, and our opinion thereon stands unchanged.

The petition for rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 17, 1917.