[Sac. No. 171.    Department One.—June 11, 1897.]

WALTER N. WOOD, APPELLANT, v. JOHN R. LOW-
DEN ET AL., RESPONDENTS.

SHERIFF—OFFICIAL BOND—LIABILITY OF SURETIES—ATTACHMENT DURING FIRST TERM — LOSS OF PROPERTY DURING SECOND TERM — COUNTY GOVERNMENT ACT.—Where the sheriff of a county subject to the County Government Act attached horses and cattle shortly before the expiration of his first term, and some of them died during his second term, by reason of his failure to procure the necessary feed for them, the sureties upon the official bond, given for his first term, are not liable for such loss.

ID.—EXPIRATION OF TERM—EXECUTION OF UNEXECUTED PROCESS—CHANGE OF COMMON-LAW RULE BY COUNTY GOVERNMENT ACT.— Prior to the passage of the County Government Act, the common-law rule that a sheriff who had begun to execute a writ must complete it, and could not release himself from that duty by handing the writ over to his successor, prevailed in this state; but such rule was changed by section 107 of the County Government Act of 1883, which requires process unexecuted in whole or in part at the expiration of the term of office of a sheriff, to be executed by the successor in office of the sheriff who received the writ.

ID.—EXECUTION OF WRIT OF ATTACHMENT—DUTY OF SAFEKEEPING BY SUC-CESSOR IN OFFICE.—A writ of attachment is not wholly executed by the seizure of the attached property, but also by its terms requires the sheriff safely to keep the attached property, and where the duty of the safekeeping of it is not completely executed at the expiration of the term of office of the sheriff, that duty is devolved by the County Government Act upon his successor in office.

APPEAL from a judgment of the Superior Court of Shasta County. EDWARD SWEENEY, Judge.

The facts are stated in the opinion.

*Clay W. Taylor,* and *J. Chadbourne,* for Appellant.

*Aaron Bell,* and *N. P. Chipman,* for Respondents.

HAYNES, C.—The appeal is by the plaintiff upon the judgment-roll. The action was brought against the sureties upon the bond of William F. Hopping, sheriff of Shasta county, to recover the value of certain horses and cattle alleged to have died while held under attachment by the said sheriff, by reason of his failure to procure the necessary feed for them. The defendants had judgment.

Hopping was elected and served two successive terms as sheriff of Shasta county, the first term ending and the second term beginning on the fifth day of January, 1891. Two days before the end of his first term said sheriff seized said horses and cattle under a writ of attachment, issued out of the superior court of Lassen county in an action wherein one G. W. Stratton was plaintiff, and the plaintiff in this action was defendant, and thereafter held the same under said writ until the twenty-eighth day of August, 1891, when said writ of attachment was discharged and the property released therefrom and returned to the plaintiff. The neglect of the sheriff which caused the loss and injury complained of occurred during the second term of said sheriff, and the only question in the case is whether the sureties upon the bond given by the sheriff under his first election are liable for the said neglect of the sheriff occurring during the succeeding term.

Appellant first contends that an officer having commenced to execute a writ must complete it, and cannot release himself from his duty by handing the writ over to his successors; that he must proceed with the execu-

tion of the writ, notwithstanding the expiration of his term of office.

This was undoubtedly true at common law, as abundantly shown by the authorities cited in appellant's brief, and was the law in this state prior to the enactment of the County Government Act in 1883. Prior to 1883 the statute provided that the outgoing shall turn over to the incoming sheriff "all executions, attachments, and final process, except those which he has executed or has begun to execute by the collection of money or a levy on property." (Hittell's General Laws, sec. 6849.)

Section 107 of the County Government Act of 1883 among other things provides as follows: "When any process remains with the sheriff unexecuted, in whole or in part, at the time of his death, resignation of office, or at the expiration of his term of office, said process shall be executed by his successor or successors in office; and when the sheriff sells real estate under and by virtue of an execution or order of court, he, or his successors in office, shall execute and deliver to the purchaser or purchasers all such deeds and conveyances as are required by law and necessary for the purpose, and such deeds and conveyances shall be as valid in law as if they had been executed by the sheriff who made the sale."

Said section was re-enacted in the County Government Act of 1891 (Stats. 1891, p. 391). To avoid the effect of this statute it is argued by appellant that it does not support the decision of the court below, for the reason that the writ was executed before the sheriff's first term expired. It is true the court found that the seizure was completed two days before the commencement of his second term of office as such sheriff, and the property was then in his possession.

The question, therefore, to be determined, is whether the writ in this case was "unexecuted in whole or in part" when the sheriff's first term expired; or, in other

words, what constitutes the execution of a writ of attachment within the meaning of this statute?

In the ordinary language used in making a return upon a writ of attachment, the officer certifies that he has "executed the within writ" by seizing the property and taking it into his custody. I think, however, that this statute does not intend so narrow a construction to be given to the word "executed." A writ of attachment requires the officer not only to attach, but to "safely keep" the property attached; and the only authority for keeping the property is the writ, which is operative continually for his protection.

In *Sagely* v. *Livermore*, 45 Cal. 613, it was said: "This writ had come to the hand of the plaintiff here while he was yet holding the office of sheriff. He had partly executed it by seizing certain property, and had begun to execute that portion of its command which required him to safely keep the property. In this condition of things the plaintiff's term of office as sheriff expired, and the first question made is whether it was his duty to turn over the attached property to his successor in office."

That case arose under the law in force prior to 1883; but it will be observed that the court in that case gave to the word "executed" a wider signification than that contended for by appellant in this case. There it was said the officer had *partly* executed the writ by seizing the property, and had *begun to execute* the other portion of the command of the writ which required him to *safely keep* the attached property.

The findings show that all the loss and injury the plaintiff sustained was from neglect occurring after the commencement of the new term of the sheriff, and we think the conclusion of law, that the sureties on his bond for the preceding term were not liable, was correctly drawn. A writ of attachment does not become *functus* when personal property is seized thereunder, but its requirement to "safely keep" the property attached continues the writ for the protection of the offi-

cer in the discharge of the duty to safely keep it. So far as the owner of the property is concerned, the writ is executed when the property is seized and taken into the possession of the officer; but, so far as the officer is concerned, it is not "wholly executed" so long as there remains unperformed any duty imposed by the writ, and, in this case, that duty continued until the writ was discharged on August 28, 1891.

Appellant's first contention, and the common-law authorities he cites, would seem to be conclusive against him. That proposition is, that an officer, having *commenced* to execute a writ, must complete it, and cannot release himself from that duty by handing the writ over to his successor; and it is upon this theory, viz., that the writ was not wholly executed by the seizure of the property, that the duty was imposed upon him, as the old sheriff, to complete the execution of the writ, as ex-sheriff, instead of turning it over to his successor; and he thus brings the case precisely within the statute of 1883, of writs "unexecuted in whole or in part," which "shall be executed by his successor."

The judgment appealed from should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.