[S. F. No. 1800.　Department Two.— May 29, 1901.]

## E. H. AIGELTINGER, Respondent, v. R. I. WHELAN et al., Appellants.

Attachment—Duty of Sheriff to Keep Property—Sale for Storage—Conversion—Liability to Defendant.—A sheriff violates his official duty safely to keep the property attached, and to deliver the same to the defendant upon his recovering judgment, in permitting the property to be sold for storage charges by a warehouseman, with whom he had deposited the same; and in such case he is liable to the defendant upon his official bond for a conversion of the property.

Id.—Warehouseman Agent for Sheriff—Lien for Charges—Sale without Order of Court.—The warehouseman was the agent of the sheriff, and his act in making the sale was the act of his principal, who had no right to sell the property without an order of court, whether he had a lien thereon for his charges or not.

Id.—Action upon Official Bond of Sheriff—Defense—Discharge of Sureties on Attachment Bond—Joint Tort-feasors.—In an action by the defendant in the attachment suit, upon the official bond of the sheriff, the discharge, by such defendant, of the sureties on the attachment bond, in consideration of a money payment, is no defense. Such sureties were not joint tort-feasors with the sheriff, and were guilty of no tortious act. Their only liability was upon their contract.

Id.—Evidence—Judgment for Defendant—Dissolution of Attachment.—In such action, the judgment in favor of the defendant in the attachment suit was admissible in evidence to establish the dissolution of the attachment, which took effect, *ipso facto*, upon such judgment. The fact that the time for appeal had not expired, and that the judgment was not final in that regard, did not limit its effect upon the attachment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial and from an order modifying the judgment. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Reddy, Campbell & Metson, for Appellants.

The sheriff was not required to pay the storage out of his own pocket. (*Tyler* v. *Ulmer*, 12 Mass. 163; *Sewall* v. *Mattoon*, 9 Mass. 535.) He is not liable for deterioration. (*Robinson*

v. *Barrows*, 48 Me. 186.)    He was not required to release the property attached until his charges and expenses were paid. (*Robinett* v. *Connolly*, 76 Cal. 56; *Perrin* v. *McMann*, 97 Cal. 52.)    The plaintiff, having settled with the sureties for the damages, cannot have satisfaction a second time.    (*Chetwood* v. *California Nat. Bank*, 113 Cal. 414; *Urton* v. *Price*, 57 Cal. 270; *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163.)

Wal J. Tuska, for Respondent.

The attachment was discharged when judgment was entered for defendant in the attachment suit.    (Code Civ. Proc., sec. 553; *O'Connor* v. *Blake*, 29 Cal. 316.)    The sheriff could not claim his fees or expenses without an order of court fixing them. (*Geil* v. *Stevens*, 48 Cal. 590; *Bower* v. *Rankin*, 61 Cal. 108; *Shumway* v. *Leaky*, 73 Cal. 260; *Hotchkiss* v. *Smith*, 108 Cal. 285.)    The sureties on the attachment bond are only liable upon their contract, and not in tort.    (*McDonald* v. *Fett*, 49 Cal. 354; *Elder* v. *Kutner*, 97 Cal. 490; *Dawson* v. *Baum*, 3 Wash. 464; *Butler* v. *Borders*, 6 Blackf. 160; *Miller* v. *Stewart*, 9 Wheat. 680.)    The defendant has no cause of action against the plaintiff or his sureties for the sheriff's wrong-doing. (*Blanchard* v. *Brown*, 42 Mich. 46; *Michels* v. *Stork*, 44 Mich. 2; *Butler* v. *Borders*, 6 Blackf. 161.)    The judgment for the defendant in the attachment was admissible in evidence.    (Code Civ. Proc., sec. 946; *Colton L. & W. Co.* v. *Swartz*, 99 Cal. 283.)

GRAY, C.—This action is brought by the assignee of the defendants in an attachment suit against the sheriff of the city and county of San Francisco, and the sureties on his official bond, for damages arising out of a failure on the part of said sheriff to safely keep the attached property of the said defendants in said attachment suit and to restore the same to said defendants on demand after judgment rendered in their favor.

The plaintiff had judgment, and defendants appealed from the same and from an order denying them a new trial and also from an order modifying said judgment.

The undisputed facts of the case are as follows: In the suit of *Slosson* v. *Glosser et al.*, a writ of attachment was issued, and the defendant in this case, as sheriff, under said writ, took into his possession some twenty-two bicycles and some other articles of small value belonging to said defendant Glosser.

Nearly two years later, judgment was duly given, made, and entered in said suit in favor of defendants and against the plaintiff therein. Thereupon the said defendant Glosser demanded of said sheriff that he return the property taken by him under said writ of attachment. In response to this demand, the sheriff made no claim of lien on the property for any costs, charges, keeper's fees, or anything of that kind, but stated, in substance, that he did not have the property; that he had stored it, and the warehouseman had sold it for storage, all of which was proven at the trial to be true. Thereafter, and before the commencement of this action, said Glosser assigned his claim against said Whelan, arising out of said facts, to the plaintiff herein. No order was made in the attachment suit allowing or fixing keeper's fees or other compensation to the sheriff for attaching or keeping the property.

It was also proven at the trial, and found by the court, that, prior to the commencement of this action, the plaintiff herein, in consideration of sixty dollars, the amount of the judgment for costs in favor of defendants in the attachment suit, released the sureties from all obligation on the undertaking on attachment given in said suit.

1. In permitting the property to be sold for storage, the sheriff violated the duty to safely keep the same and to restore it to the defendant on his recovering judgment. (Code Civ. Proc., secs. 540, 553.) It is unnecessary to determine whether the sheriff ever had a lien on the property; but as to that matter it is sufficient to say that he had no right to sell the property, or to permit it to be sold, pending the suit, in the absence of an order of the court directing its sale. The act of the warehouseman in making the sale is to be treated as the act of his principal, the sheriff; and in so selling or permitting the property to be sold without authority of law, the sheriff became liable as for a conversion of the property, whether he ever had a lien on it for his charges or not. If he had a lien on the property, that alone would not warrant such a sale of it as the circumstances here disclose.

2. Nor does the fact that the plaintiff discharged the sureties on the undertaking on attachment from further liability operate as a defense to this action. They were not joint tortfeasors with the sheriff; and it is immaterial whether or not they were liable at all for the act of the sheriff. It is only by virtue of their contract that they can be held so liable. They

were guilty of no tortious act. The sheriff's liability arose from his tortious act in not safely keeping the property, but permitting it to be disposed of contrary to law. In *Chetwood* v. *California Nat. Bank*, 113 Cal. 414, *Urton* v. *Price*, 57 Cal. 270, and *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163, the party discharged by plaintiff in each instance was a joint tort-feasor with the defendant in the suit; and it was upon the joint tort from which one party to it had been discharged that action was based in each of those cases. Of course, those cases are entirely inapplicable here. (Civ. Code, sec. 1543; *Wristen* v. *Curtiss*, 76 Cal. 6; *Northern Ins. Co.* v. *Potter*, 63 Cal. 157; *French* v. *McCarthy*, 125 Cal. 508.)

3. The judgment in defendant's favor in *Slosson* v. *Glosser et al.*, *ipso facto*, dissolved the attachment. (Code Civ. Proc., sec. 553; *O'Connor* v. *Blake*, 29 Cal. 316; *Loveland* v. *Alvord etc. Co.*, 76 Cal. 564; *Hamilton* v. *Bell*, 123 Cal. 93.) It was proper, therefore, to admit said judgment in evidence to establish the dissolution of the attachment and show defendants' right to a return of the property; and the fact that the time for appeal had not expired and the judgment was not final did not limit its effect on the attachment. On the record before us, no question arises as to whether an attachment may be continued in force by a compliance with section 946 of the Code of Civil Procedure.

4. There was substantial evidence in the testimony of Van Der Vort tending to show that the property at the time of its sale by the warehouseman, as well as when seized by the sheriff, was of the value fixed in the modified judgment. It cannot be said, therefore, as a matter of law, that the decision that the property was worth $315 is without support in the evidence.

The judgment and orders appealed from should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.