[Civ. No. 6829. First Appellate District, Division One.—December 28, 1929.]

R. G. MOORE, Appellant, v. JOHN ROGERS et al., Respondents.

784

L. L. Steele for Appellant.

Joseph J. Bullock for Respondents.

KNIGHT, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action for the alleged conversion of plaintiff's automobile, the ground of appeal being that the trial court failed to find on a material issue raised by the pleadings.

The complaint alleged that the defendant Roach was the constable of the third judicial township of San Mateo County; that on February 15, 1926, pursuant to a writ of attachment duly issued out of the Justice's Court in an action brought against plaintiff by the defendant Carli, Roach seized said automobile and retained possession thereof "until on or about the 20th day of September, 1926, when he converted said automobile to the use and benefit of himself and of said defendants John Rogers and Frank Carli, who ever since said time and still continue to hold and retain said automobile as their own." The complaint further alleged that plaintiff demanded the return of said automobile, but that such demand was refused, and that by reason of the alleged conversion he has suffered damage in the sum of $700.

The answer consisted of a general denial, verification being waived. The action was tried by the court sitting without a jury, and the judgment in favor of defendants was based upon the following findings: That prior to February 13, 1926, while plaintiff was the owner of said automobile, the defendants Rogers and Carli performed work thereon and furnished materials therefor; that on said date Carli sued plaintiff in the Justice's Court of the third township ''for the work, labor, and material rendered and performed in the repair of said automobile, and on or about the 13th day of February, 1926, the defendant Roach placed said automobile in the garage of Rice and Hinton for storage with the full knowledge of plaintiff''; that the automobile remained there until August 30, 1926, at which time Rice and Hinton caused it to be sold pursuant to sections 3051 and 3052 of the Civil Code for the storage due thereon. It was further found that plaintiff had full knowledge of all of the foregoing proceedings, but took no action in the matter until January, 1927, when he demanded the return of the automobile, and that thereafter and in April, 1927, he commenced this action for conversion. And in connection with such delay the court also found that plaintiff's right to said automobile, if any he had, was lost by his laches.

As will be noted, the trial court made no finding upon the allegations of the complaint relating to the seizure of said automobile by Roach, as constable, under attachment proceedings, and the specific point plaintiff makes in support of this appeal is that the omission to so find constituted reversible error, it being contended in this regard that if, as alleged, said automobile was attached, and while under attachment was sold for storage, the constable was liable for conversion under the law as stated in the case of *Aigeltinger* v. *Whelan et al.*, 133 Cal. 110 [65 Pac. 125].

Aside from the question of the application herein of the legal principle declared in that case, however, it has been repeatedly held that the failure to make a finding on a material issue presented by the pleadings results in prejudicial error entitling the complaining suitor to a reversal only where it appears from the record that there was evidence introduced as to such issue, and the evidence in that regard was sufficient to sustain a finding in favor of

such party. And as error is not presumed, it is incumbent upon the appellant to cause the record to show that such finding was required by the evidence (see 2 Cal. Jur., pp. 1032, 1035, and cases therein cited). ██ Here plaintiff did not bring up the evidence, the appeal having been taken upon the judgment-roll alone; consequently in the state of the record before us it is impossible to say whether any evidence was introduced at all to prove that the automobile was ever attached, or if it was whether the attachment was in force at the time of the sale for storage. And, furthermore, if any such evidence was introduced it cannot be determined from this record whether the same would have been legally sufficient to sustain a finding in plaintiff's favor. Manifestly, therefore, no error in the findings has been shown.

██ It will be observed also that the court found that plaintiff's right of action herein was barred by laches. In any event, therefore, the judgment would not be subject to reversal, because in the absence of evidence showing to the contrary it must be presumed on appeal that the testimony adduced at the trial was legally sufficient to sustain the foregoing finding.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 27, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1930, and the following opinion then rendered thereon:

THE COURT.—In denying a petition for a hearing in the above-entitled cause, we expressly withhold our approval of those certain portions of the decision, especially the last paragraph thereof, which seem to make laches a ground of the decision. The petition is denied upon the other grounds appearing in the opinion.