[S. F. No. 14338. In Bank.—December 21, 1931.]

A. HOLM, Petitioner, v. GEORGE J. OVERHOLT, Sheriff, etc., Respondent.

George C. Faulkner, Everts, Ewing, Wild & Everts, William T. Doyle and Goudge, Robinson & Hughes for Petitioner.

Irvine P. Aten for Respondent.

SHENK, J.—Application for a writ of mandate to compel the respondent sheriff of Fresno County to retain certain personal property in his possession subject to the petitioner's lien of attachment. As a return to the alternative writ, the respondent demurred generally to the petition.

The petition alleges that on or about the twentieth day of March, 1931, the petitioner commenced an action in the Superior Court of Fresno County against the Standard Planing Mill, a corporation, and others, to recover the sum of $24,256 alleged to be due on certain promissory notes, and for attorneys' fees, etc.; that a writ of attachment issued in said action which was levied on certain personal property capable of manual delivery; that in April, 1931, and subsequent to the levying of the petitioner's attachment, one J. W. Ellis also commenced an action against the Standard Planing Mill; that a default judgment was entered in this latter action in favor of Ellis and against Standard Planing Mill for the sum of approximately $9,000; that a writ of execution thereafter issued upon said default judgment; that the respondent sheriff levied the writ of execution on

certain personal property belonging to the judgment debtor and advertised the same for sale to satisfy the judgment; that the property so levied upon included property then in the respondent sheriff's possession under and by virtue of the petitioner's prior levy of attachment; that the threatened sale of said attached property was temporarily enjoined by the Superior Court of Fresno County; and the restraining order was thereafter dissolved.

It also appears that the petitioner had heretofore obtained a temporary restraining order from the federal court in the Southern District of California, Northern Division, in a bankruptcy proceeding, which restraining order was likewise dissolved. However, the point there involved is without the issues of this proceeding.

In substance the petitioner urges that it is the statutory duty of the respondent sheriff to retain the custody and exclusive possession of the attached personal property during the existence of the petitioner's attachment and to do no act that will directly or indirectly deprive or divest him of such actual and exclusive custody and possession; that a consummation of the threatened sale to satisfy the Ellis judgment would constitute a direct breach of the sheriff's duty in this regard; that *mandamus* will lie to compel a sheriff to retain possession of attached property ''as a duty resulting from an office, trust or station'', and that *mandamus* is the only adequate and speedy remedy available to the petitioner notwithstanding the appealability of the order discharging the temporary restraining order.

The respondent contends that the relief sought is but another form of the relief sought by the petitioner in both the federal and the lower state court in her application for restraining orders, which applications proved to be futile; that the remedy by appeal from the orders dissolving the temporary restraining orders was adequate; and that there has been no showing that the remedy by way of appeal would not have been complete and adequate. The respondent also contends that under the law he may properly make sale of the personal property under the junior execution as long as such sale is made subject to the prior lien of the petitioner's attachment.

*Mandamus* appears to be the only adequate remedy of the petitioner under the admitted facts. An appeal from

the order dissolving the temporary restraining order of the superior court would not have had the effect of staying the hand of the sheriff pending the appeal, and the threatened execution sale, if consummated pending the appeal, would have rendered the appeal ineffectual and would have presented a moot question. This will more clearly appear from the following discussion of the effect of the sale.

Where an attachment is levied on personal property capable of manual delivery, it is the duty of the sheriff to attach and safely keep sufficient of such personal property as will satisfy the plaintiff's demand against the defendant, unless a satisfactory redelivery bond or cash be deposited with him (secs. 540, 542, Code Civ. Proc.), or the attachment is otherwise released. It is his duty to maintain the possession of the property for the benefit of the attaching plaintiff and he may not dispose of it except at his peril and only in accordance with law. (*Callahan* v. *Danziger,* 172 Cal. 738 [158 Pac. 760]; *Aigeltinger* v. *Whelan,* 133 Cal. 110 [65 Pac. 125]; *Wood* v. *Lowden,* 117 Cal. 232 [49 Pac. 132]; 6 C. J., p. 370, sec. 819.) Upon the execution sale of personal property capable of manual delivery the purchaser is entitled to possession upon payment of the purchase price and to a certificate of sale transferring to him all of the debtor's interest in the property as of the date of the levy of the execution. (Sec. 698, Code Civ. Proc.; 11 Cal. Jur., pp. 83, 139.) The effect of the threatened sale complained of herein would be to transfer the debtor's title and the right of possession in and to said property to the execution purchaser and in effect freed from the claims of the prior attachment creditor.

It appears by the affidavit of the sheriff that he intends to make the execution sale subject to the senior and prior lien of the petitioner under her attachment. He cites no authority to warrant such a proceeding in this state and none has been discovered. Obviously, when the execution sale is accomplished the purchaser is entitled to the title of the debtor and to the possession of the property, and no provision is made by law for the retention thereof by the purchaser or for security to satisfy the petitioner's prior claim, and the purchaser would be free to divert the property to the channels of trade and leave the petitioner without remedy. This might and in all probability would take place long prior to

the ripening of the right of the attaching creditor into a right of execution. It may be assumed that the rule is different with reference to the execution sale of the debtor's interest in real property subject to a prior attachment lien, but that rule is not applicable to the controversy here presented.

Let the peremptory writ issue as prayed, requiring the respondent to retain the personal property now in his possession which is subject to the attachment lien of the petitioner.

Richards, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.