[Civ. No. 10679.  First Appellate District, Division One.—December 19, 1938.]

GILMAN HUSTON, a Minor, etc., Plaintiff and Respondent, v. CARL H. ABBOTT, as Sheriff, etc., et al., Defendants and Respondents; ICE KIST PACKING COMPANY (a Corporation), Appellant.

[Civ. No. 10685.  First Appellate District, Division One.—December 19, 1938.]

GILMAN HUSTON, a Minor, etc., Respondent, v. CARL H. ABBOTT, as Sheriff, etc., et al., Appellants.

Harry L. Noland for Appellant in Civ. No. 10679.

Garth V. Lacey and Thomas E. Davis for Appellants in Civ. No. 10685.

C. C. Baker and Louis Cohen for Plaintiff and Respondent.

WARD, J., *pro tem.*—These appeals arise out of the sale of a growing crop of lettuce upon which an attachment had been levied in an action by plaintiff against the owner of the crop. In the original action the sheriff of Monterey County served a copy of the attachment upon the occupant of the land and properly recorded the notice thereof. Subsequently a judgment was obtained and a writ of execution returned wholly unsatisfied. Prior to judgment, but after the levy of the attachment, the occupant of the land sold the growing crop to the Ice Kist Packing Company, a corporation. The attaching creditor filed an action against the sheriff, and the bonding company for the sheriff. The sheriff cross-complained against the packing company, praying for damages identical as set forth by the plaintiff in the complaint against the sheriff and the bonding company. The court found: that the sheriff had neglected to safely keep the attached property, as by law required, in that he left the crop unattended from the date of the levy to the period of the removal of the crop; that the packing company purchased the crop at a time when it was a perishable crop and subject to the levy of attachment; that in "harvesting and carrying away", the packing company converted the crop to its own use; that plaintiff knew of the progress of growth and the time when the crop was ready for harvest but that he was not negligent in failing to apply for the appointment of a receiver, and directed the entry of judgment in favor of plaintiff on the complaint against the sheriff, and in favor of the sheriff on the cross-complaint against the packing company.

The main question raised by the appeals it whether it was negligence on the part of the sheriff under the provisions of the Code of Civil Procedure at the time of the attachment proceedings requiring him to "safely keep" the property, to fail to appoint a keeper to care for the crop until matured, or to fail to sell the property; or was it negligence of the attaching creditor to fail to apply to the court for the appointment of a receiver.

■ Section 547a of the Code of Civil Procedure provides in part: ''Whenever a writ of attachment is issued and the holder of such writ desires to attach, or has attached, property which is perishable, or which will greatly deteriorate in value unless properly cultivated, cared for, harvested, packed or sold, the court issuing such writ, upon application of the holder thereof, and after due notice to the owner of said property, may appoint a receiver to take charge of said property and to cultivate, care for and preserve the same and, when necessary, harvest, pack and sell such property.'' This section seems to have been enacted for the benefit primarily of the attaching creditor and, if invoked, depending upon the terms of the order, might relieve the sheriff entirely from the disposition of the property. It was probably inspired by reason of the limitations of sections 547 and 548 of the Code of Civil Procedure, which provide merely for the sale and not the care or cultivation of perishable property, or other property which would deteriorate in value unless special attention and care should be given. It is possible that cultivation or care might result in a delayed sale to the benefit of the debtor as well as the creditor. The purpose of the section is to safeguard the rights of all the parties. The expenses may be imposed upon the property or the attaching creditor. The creditor might be sending good money after bad, and so the legislature has not provided that the creditor must avail himself of the remedy set forth in section 547a, but has merely made it permissive. If the holder of the writ ''desires to attach, or has attached'', he may apply for the appointment of a receiver, but the right to appoint is left entirely to the discretion of the court. We conclude that the failure to apply is not in and of itself negligence, but it may be negligence, depending upon the facts of a particular case.

■ In this case the attachment was levied upon a growing lettuce crop, which may be generally classified as perishable property incapable of manual delivery (*Raventas* v. *Green*, 57 Cal. 254, 255), of such a type that in the regular course of nature, with proper cultivation and care, it would continue in good condition to and including maturity.

There is no dispute upon the finding that plaintiff at all times had knowledge of the condition of the crop, was acquainted with the progress of its growth and knew when the

crop would be ready for harvest. The crop actually matured, and it does not appear that at any stage of its growth was it necessary to take steps by appointment of a receiver or otherwise to keep the crop in a sound condition of preservation. Plaintiff did not know of the sale by the occupant of the premises until after its consummation. Under such circumstances we cannot say that plaintiff failed to perform a duty or was in anywise negligent by refraining from applying for the appointment of a receiver.

Some suggestion is made in the briefs that plaintiff at the time of the issuance of the writ of attachment should have deposited fees for a "keeper". No such duty is imposed upon an attaching creditor unless the sheriff require as a prerequisite to the attachment of such property that a sum of money be deposited sufficient to pay the expenses of keeping the property safely for the periods mentioned in section 542 of the Code of Civil Procedure.

Section 540 of the Code of Civil Procedure provides in part that: "The writ must be directed to the sheriff, or a constable, or marshal of any county in which property of such defendant may be, and must require him to attach and safely keep all the property of such defendant . . . " The force and effect of this portion of the section is a command that the sheriff "safely keep all the property . . . not exempt from execution . . . as may be sufficient to satisfy plaintiff's demand". (See, also, *Wood* v. *Lowden,* 117 Cal. 232, 235, 236 [49 Pac. 132].)

As noted heretofore the sheriff is protected, under section 542 of the Code of Civil Procedure, by authority to require that the attaching creditor pay for the expenses of safely keeping the property. If the property is perishable, the sheriff may sell in the manner in which property is sold on execution (sec. 547, Code Civ. Proc.), although it is better practice to proceed under section 548 of the Code of Civil Procedure. (*Henry Cowell Lime & Cement Co.* v. *Figel,* 27 Cal. App. 11, 14 [148 Pac. 796].)

The sections of the code relative to attachment should be read together, if possible, and a construction given that is fair and reasonable to the statutory system of which it forms a part.

Real property presumably may not be removed but personal property, such as a growing crop of lettuce, though not

capable of manual delivery, may be destroyed or severed from the soil, and hence it is reasonable to conclude that notwithstanding subdivision 6 of section 542 of the Code of Civil Procedure, as it provided covering the period of this attachment, was silent in reference to a "keeper", still under the provisions of section 540 the sheriff was required to "safely keep all the property". A growing crop is generally classified as immovable, yet it may be reduced to the status of movable property through severance from the land, and therefore should be safeguarded either by placing a keeper in charge, or sold as perishable property. (Code Civ. Proc., secs. 540, 542, 547, 548.)

■ There is no liability and therefore no obligation upon a sheriff to take over personal property capable of manual delivery unless as a prerequisite the attaching creditor upon demand by the sheriff deposit expenses to pay for the safe-keeping of the property. This property was actually delivered to the packing corporation. The sheriff's failure to protect himself by making a demand that he be paid the expenses to safely keep the property placed the sheriff in the position of responsibility for the loss of the property. If the property was perishable property, and the court so found, it was the duty of the sheriff to sell the property before it perished. Prior to this period the property was taken by a party who had no interest in the attachment proceedings. The sheriff accordingly was liable for the loss of the attached property.

■ Cross-defendant and appellant, Ice Kist Packing Company, a corporation, purchased a legally attached growing crop of lettuce from the debtor of the attaching creditor. The sheriff was the legal custodian of the crop. A copy of the writ, together with a description of the property attached and a notice of attachment had been duly recorded. The sheriff did all that the law required of him in attaching a growing crop (sec. 542, Code Civ. Proc.) as against any party who removed the crop and converted the lettuce to its own use. Appellant corporation contends that the negligence of the sheriff in failing to appoint a keeper and in failing to sell the perishable property relieved the corporation from liability for its conversion. No authority has been cited in support of this theory; that one who is legally in possession but fails to "safely keep" the property is barred from maintain-

ing an action for its recovery or the value thereof against a conversioner.

The judgment as entered, in favor of plaintiff against the sheriff and his surety, and in favor of the sheriff against the corporation is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.