[Civ. No. 15907.   Second Dist., Div. One.   Mar. 31, 1948.]

LOUIS E. GRANER et al., Appellants, v. O. W. HOGSETT et al., Respondents.

Arthur C. Fisher for Appellants.

Avery M. Blount for Respondents.

BARTLETT, J. pro tem.—In the first cause of action set forth in the amended complaint, it is alleged that within three years last passed defendants "wilfully, wrongfully and illegally converted to their own use," certain personal property; together with a demand for the return, and damages in the sum of $20,000 by reason of such conversion. The second cause of action alleged defendants wilfully, wrongfully and illegally converted to their own use certain real estate in Yuma County, Arizona; that plaintiffs received no consideration for the deed and that the property was of the value of $15,000. Save an admission that a demand was made for the property described in the first cause of action, the answer denied all of the material allegations of both causes of action.

Resolving all conflicts in the evidence in favor of the judgment, the record shows the following: On January 4, 1941, plaintiff Louis Graner entered into a contract with one Mary Bradbury to purchase the property described in plaintiff's complaint for $3,000 to be paid as follows: $50 down, $600 in 30 days, $750 before 60 days, $1,000 on or before 90 days, $1,000 on or before 120 days. The contract

provided that when the entire amount was paid the property would be conveyed to the plaintiff. It also provided that upon "failure of the party to make any of the payments herein provided, this contract shall cease and determine." Thereafter, plaintiff paid in all the sum of $1,300, his last payment being made March 13, 1941. He never paid any of the $2,000 remaining to be paid by him and no part of the property was ever conveyed to him.

In May, 1942, over a year after his last payment was made by plaintiff, Avery M. Blount, the attorney for the respondents herein, representing a Mr. Flumerfelt who desired to purchase the real estate described in plaintiff's second cause of action, and the respondent O. W. Hogsett, who desired to purchase the personal property described in the first cause of action, had a conversation with Miss Bradbury and her agent relative to purchasing this property for this sum of $2,000, $1,500 for the real estate and $500 for the personal property. Thereafter, Flumerfelt forwarded to Blount the sum of $1,500 and respondent Hogsett gave him $500, both of which sums Blount placed in a trustee account. It then developed that appellant Louis Graner, although he was then in default for over a year on his payments under the contract, made some claim to the property. Blount then had a meeting with Graner and Hogsett. Graner at the time was an employee of a partnership known as Forrester Milling & Mining Company, which was doing some work at Twenty-nine Palms, California. Blount outlined the proposed deal between Flumerfelt and Hogsett with Miss Bradbury. Graner then wanted to know what he was to get out of it and Hogsett said he would convey to him a 10 per cent interest in a partnership to which this personal property would be delivered. Graner said he wanted some memorandum in writing and thereafter Hogsett delivered to him a letter which reads as follows:

"May 13, 1942

"Louis E. Graner, and
S. N. Graner
1350 S. Hope Street
Los Angeles, California

"Dear Mr. Louis E. Graner and S. N. Graner:

"In consideration of your executing a Deed and Bill of Sale conveying certain real estate, mining claims and mining and milling machinery all located *ner* Bouse, Arizona, said property being more particularly described in said Bill of Sale and Deed executed by you on this date.

"I hereby agree that I will cause to be organized within Thirty (30) days a limited partnership in which S. N. Graner will be *disignated* as one of the partners and will receive by reason thereof a 1/10 interest in said partnership. Said limited partnership will own, control, and operate the mining property and milling business located near 29 Palms, California, and such other businesses and properties as it has or shall receive or may acquire by reason hereof or by any other reason agreeable to the members of the limited partnership.

Yours very truly,<br>O. W. Hogsett<br>O. W. Hogsett

OWH:ML''

S. N. Graner, referred to therein, is the wife of Louis E. Graner.

As part of the same transaction, Blount paid Miss Bradbury $2,000 and she in turn executed a bill of sale and deed to Graner who in turn executed similar documents to Hogsett who executed a deed to the real estate in Arizona to Flumerfelt. The personal property bought from Miss Bradbury by Hogsett was still on the real estate in Bouse, Arizona, and was not in the possession of the appellants. Therefore, Graner and Hogsett went to Arizona, got the personal property and conveyed it to Twenty-nine Palms, California. The letter of May 13, 1942, which we have set forth herein, was never acted upon by the parties. Instead it developed that an interest amounting to 10 per cent in the existing partnership at Twenty-nine Palms, for which Graner was working and in which Hogsett was a partner, was transferred on the books of the partnership to Graner with a provision that Graner would not be held personally liable for the debts of the partnership so long as he did not participate in its control and management. Graner raised no objection to this way of handling the matter, continued to work for the partnership for eight months and during that time, for a period, managed and was in charge of its work.

In the brief statement of the case in appellants' opening brief, they omit many material facts and state as facts matters which have been found against them by the court. In the three pages which they devote to argument they suggest four grounds as to why the judgment should be reversed and cite one authority. These contentions are as follows:

1. That the findings are unsupported by the evidence; 2. the transaction violated the provisions of the Corporate Securities Act; 3. no limited partnership was created; and 4. respondent gave no consideration for the property transfer by appellants.

█ Appellants make no attempt to direct our attention to wherein the evidence is insufficient to justify the findings, but content themselves with the mere statement that it is. Nevertheless, we have carefully reviewed the evidence and while it is conflicting in many respects, there is ample evidence to support the findings.

The first cause of action is one in trover for damages for the conversion of personal property. In such an action the appellants cannot prevail. The court has found that in the first place they did not own the property in question, and in the second place that respondents did not convert it. The evidence also discloses that the property was not even in the possession of appellants but was in the possession of Mary Bradbury and that Louis Graner assisted in the removal of the property from Bouse, Arizona to Twenty-nine Palms, California.

█ So far as the contention that this transaction violated the Corporate Securities Act is concerned, it is true that while the action purports to be an action for trover and was evidently tried on that theory, if the proof justifies, it can be treated as an action for money had and received for the value of personal property wrongfully converted (*Bank of America* v. *Hill,* 9 Cal.2d 495 at page 498 [71 P.2d 258]; *Los Angeles Drug Co.* v. *Superior Court,* 8 Cal.2d 71 [63 P.2d 1124]). █ Neither is it necessary in such a case, as the respondent contends, to plead a violation of the Corporate Securities Act. The amount paid for a security issued in violation of law may be recovered in an action for money had and received, which sounds in assumpsit (*Pollak* v. *Staunton,* 210 Cal. 656 [293 P. 26]). Here again the appellants fail to point out wherein the transactions referred to violated the Corporate Securities Act, but merely assert that they do and cite, without comment, one case, *People* v. *Woodson,* 78 Cal.App.2d 132 [177 P.2d 586]. That was a criminal case in which the court stated that the question involved therein was not whether a partnership could be organized without a permit from the Corporation Commission, and held that the transaction therein set forth did constitute a sale of an interest in a limited partnership in violation of

the Corporate Securities Act. ■ The facts in the instant case are such that no recovery could be had in an action for money had and received. The letter of the respondent Hogsett of May 13, 1942, was never acted on by the parties.

■ As stated by appellant, the limited partnership · referred to was never formed because the parties as shown by the evidence decided to handle the matter in another manner. Appellant Louis E. Graner worked for respondents for eight months thereafter and at one time managed the business. In fact no dispute ever arose until respondents objected to the manner in which said appellant conducted the business. In any event there was nothing for which appellants could recover as they were not the owners of the property in question and from the evidence never at any time had a legitimate claim to it.

■ The second cause of action is one in trover for a conversion of the real estate in Arizona. As suggested by respondent, the complaint herein is defective for the reason that such an action will not lie for the conversion of real estate (24 Cal.Jur. 1021, 1030; *Vuich* v. *Smith,* 140 Cal.App. 453 [35 P.2d 365]). There is no theory upon which it can be held that a cause of action is stated.

■ In addition to the allegations of conversion, the only fact set forth is that there was no consideration for the deed, without stating any facts which would show it was procured by fraud or undue influence or which would in any manner show its invalidity. A consideration is not necessary to the validity of a deed (Civ. Code, § 1040).

■ Appellants in their closing brief for the first time attack rulings of the trial court on motions to strike testimony and objections to the introduction of evidence. These matters are not even referred to in their opening brief, and as no meritorious reason is given for that omission, will not be considered here. (*Gould* v. *Richmond School District,* 58 Cal.App.2d 497 [136 P.2d 864]; *Monk* v. *Ehret,* 192 Cal. 186 [219 P. 452].)

The judgment is affirmed.

Doran, Acting P. J., and White, J., concurred.

A petition for a rehearing was denied April 20, 1948, and appellants' petition for a hearing by the Supreme Court was denied May 27, 1948. Schauer, J., voted for a hearing.