[Civ. No. 20973.   Second Dist., Div. Two.   Jan. 20, 1956.]

GLEN REYNOLDS et al., Respondents, v. EDWARD LER-MAN et al., Defendants; E. W. BISCAILUZ, as Sheriff, etc., Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Deputy County Counsel, for Appellant.

No appearance for Respondents.

Samuel W. Blum, as Amicus Curiae on behalf of Respondents.

ASHBURN, J.—Defendant Eugene W. Biscailuz, as sheriff of Los Angeles County, appeals upon the judgment roll from a judgment for $1,500 in favor of plaintiff Glen Reynolds, based upon failure to "safely keep" certain personalty upon which the sheriff had levied an attachment. That writ had issued out of the municipal court in an action for rent brought by Edward Lerman, as landlord, against his tenant Glen Reynolds under an existing lease. Acting under instructions from Lerman the sheriff seized the personal property in Reynolds' place of business, placed a keeper in charge and later stored the property with Republic Van and Storage Company; this company was selected by the sheriff and found by the court to be his agent. Lerman, as plaintiff, met all demands of the sheriff for fees and deposits; the warehouse company, after notice to the sheriff, but without notice to

Reynolds or consent or permission of Lerman and without the authority of any court order, sold the property for non-payment of warehouse charges which then amounted to $885.80; the storage company bid in the property for $75.

Reynolds, the owner of the attached property, sued Lerman and the sheriff for damages for conversion; the complaint (first amended) does not mention negligence; it seeks both compensatory and punitive damages. The court found that in failing to "safely keep" the property the sheriff was negligent; that the owner (plaintiff herein) had lost all the attached property to his damage in the sum of $1,500, the value placed thereon by the trial judge. That sum was awarded against the sheriff but judgment ran in favor of defendant Lerman.

By cross-complaint Lerman sought and recovered from plaintiff Reynolds $3,941, plus attorney's fees, on account of abandonment of his lease.

Sheriff Biscailuz appealed from the portion of the judgment awarding damages against him. No party appealed from any other part of the judgment. Plaintiff-respondent filed no brief. The attorney for Lerman appeared as amicus curiae and filed a brief supporting the judgment.

Appellant's first contention is that plaintiff cannot recover because of failure to file a claim with him pursuant to section 1981, Government Code. That section relates to personal injuries and property damage and accidents due to negligence. The text is as follows: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor." Amicus curiae contends that this section does not apply to a conversion action because negligence is not an element of such a cause; also that the court could not change a conversion action into one falling within section 1981 by making a finding that the sheriff was negligent.

■ Section 1981 plainly embraces only negligence actions. Its terms are so limited. It is not to be extended by implication. (*Stewart* v. *McCollister*, 37 Cal.2d 203, 207 [231 P.2d 48].) Of course, if it is applicable, failure to file a claim is fatal to the action. (*Veriddo* v. *Renaud*, 335 Cal.2d 263, 265 [217 P.2d 647]; *Rounds* v. *Brown*, 121 Cal.App.2d 642, 644 [263 P.2d 620].)

Appellant argues that the instant cause is an action for negligence and his counsel cite cases in which a sheriff has been held liable for negligence through failure to "safely keep" the attached property, viz., *Sparks* v. *Buckner*, 14 Cal. App.2d 213 [57 P.2d 1395]; *Huston* v. *Abbott*, 30 Cal.App.2d 5 [85 P.2d 518]. In both of these cases it appears that the officer was charged with that type of dereliction and held liable therefor, but in neither was the question of applicability of section 1981 to a conversion action discussed, and indeed the subject as to whether there had been a conversion was not in issue. Another cited case, *Hesser* v. *Rowley*, 139 Cal. 410 [73 P. 156], is not in point. It involved the release of an attachment on real property; there was no question of whether the sheriff's liability arose out of negligence or conversion; ■ realty cannot be the subject of conversion. (*Graner* v. *Hogsett*, 84 Cal.App.2d 657, 662 [191 P.2d 497].)

The amended complaint at bar alleges that Lerman sued Reynolds in the municipal court to recover rent in the sum of $235, caused a writ of attachment to be issued directing the proper officer to attach and safely keep property of the defendant; that the writ was delivered to the sheriff (appellant) who attached the personal property in Reynolds' place of business and stored same in the warehouse of Republic Van and Storage Company; that storage charges accumulated in excess of $600; that the storage company, without any notice to plaintiff Reynolds sold at public auction, without any court order therefor, the attached property to satisfy storage charges. Plaintiff's complaint alleged the value thereof to be $35,391.12; the court found the sum of $1,500 to be the reasonable value. The complaint also alleged that the defendants were guilty of oppression and malice and prayed for exemplary damages in the sum of $10,000.

After a nonjury trial the court found to be true the allegations of the complaint above summarized, except as to value of the property and except as to the charge of oppression and malice; also found that the sheriff first put a keeper in charge, then later, upon direction from Lerman's attorney,

stored the property in the warehouse of Republic Van and Storage Company, which company was selected by the sheriff and became his agent for the purpose of storing and keeping the property; that the sheriff at no time made any demand upon Lerman for any fees or other monies which were not paid; that the storage charges totaled $885.80; that the sale was made not only without notice to Reynolds and without court order, but also without Lerman's permission or consent; that the storage company bid in the property for the sum of $75; "that the plaintiff and cross defendant here lost all of the said personal property levied upon and taken under the writ of attachment."

█ There is no allegation of negligence whatever in the complaint. Its averments spell conversion and nothing else. *Aigeltinger* v. *Whelan*, 133 Cal. 110 [65 P.2d 125], holds that a sheriff is liable for conversion under these circumstances. In that case the officer had attached certain personal property and placed it in storage. The attaching creditor had not failed to furnish any expense or other monies demanded by the sheriff; the warehouseman ultimately sold the property for payment of storage charges, doing so without procuring any court order or other competent authorization. █ The court said, at page 112: "In permitting the property to be sold for storage, the sheriff violated the duty to safely keep the same and to restore it to the defendant on his recovering judgment. (Code Civ. Proc., §§ 540, 553.) It is unnecessary to determine whether the sheriff ever had a lien on the property; but as to that matter it is sufficient to say that he had no right to sell the property, or to permit it to be sold, pending the suit, in the absence of an order of the court directing its sale. The act of the warehouseman in making the sale is to be treated as the act of his principal, the sheriff; and in so selling or permitting the property to be sold without authority of law, the sheriff became liable as for a conversion of the property, whether he ever had a lien on it for his charges or not. If he had a lien on the property, that alone would not warrant such a sale of it as the circumstances here disclose." █ The case of *Callahan* v. *Danziger*, 172 Cal. 738, 742 [158 P.2d 760], says that "the sheriff had no discretion but to obey the writ commanding him to 'attach and safely keep all the property' . . . It is his duty to preserve such property at his peril." And the Aigeltinger case, *supra*, was cited to the same effect in *Holm* v. *Overholt*, 214 Cal. 431, 434 [6 P.2d 76]. █ Of

course, negligence is not an element of conversion. (*Poggi* v. *Scott*, 167 Cal. 372, 375 [139 P.2d 815, 51 L.R.A.N.S. 925]; *Byer* v. *Canadian Bank of Commerce*, 8 Cal.2d 297, 300 [65 P.2d 67]; *George* v. *Bekins Van & Storage Co.*, 33 Cal.2d 834, 838 [205 P.2d 1037].) ▮ And if this be a conversion action the court's finding of negligence on the part of the sheriff could not change the cause of action and is to be disregarded as one covering an immaterial matter. (*Alonso* v. *Hills*, 95 Cal.App.2d 778, 788-789 [214 P.2d 50]; *People* v. *Marblehead Land Co.*, 82 Cal.App. 289, 301-302 [255 P. 553].)

▮ It appears from the cases heretofore discussed that a sheriff may be guilty of negligence in failure to safely keep attached property or may be chargeable with conversion for such failure, depending upon the circumstances of the particular case. ▮ In determining the nature of the cause of action at bar it is important that we do not confuse "the unlawful conduct which gave rise to the cause of action with the cause of action itself." (*Turner* v. *Milstein*, 103 Cal.App. 2d 651, 657 [230 P.2d 25].) ▮ "A cause of action is the right to secure redress for violation of an obligation owing to the claimant. Though phrased in varying ways this is the result of the authorities. In *Frost* v. *Witter*, *supra*, 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53], the court said: 'The action therefore springs from the obligation, and hence the "cause of action" is simply the obligation.' Again: 'The "cause of action" is therefore to be distinguished, also, from the "remedy,"—which is simply the means by which the obligation or the corresponding action is effectuated,—and also from the "relief" sought. (Pomeroy on Pleading and Practice, § 453.)'" (*Smith* v. *Los Angeles Bookbinders Union*, 133 Cal.App.2d 486, 496 [284 P.2d 194].) ▮ The writ delivered to the defendant sheriff commanded him, as required by section 540, Code of Civil Procedure, to "attach and safely keep" property sufficient to satisfy plaintiff's demands. This gave the attaching creditor and the alleged debtor the right to have the officer keep in his possession the property seized by him until relinquished in some manner required by law and to keep same safely during that period. ▮ If the property unnecessarily deteriorates while in his possession that may constitute a failure to "safely keep" but where the sheriff does not keep the property and makes an unauthorized sale the right which is violated is the right to have him *keep* the property and no question of the *safety*

of the keeping arises. ▮▮▮ The obligation sought to be enforced after such wrongful sale is a liability for failure to keep. It sounds in conversion, not negligence. Section 1981 is not applicable at bar, and failure to file a claim is of no consequence.

▮▮▮ Appellant next contends for a fatal defect of parties because of failure to join the sheriff's deputy as a defendant. Reliance is placed on section 26685, Government Code, which reads: "Deputies and employees necessary parties defendant. Whenever any action is brought against any sheriff, all deputies and employees of the sheriff employed under any civil service or merit system upon whose negligence, wilful or wrongful act, or other default the action is based are necessary parties defendant."

The complaint at bar does not name any deputy whose activity could fall within the section. No plea of nonjoinder was made in any form or at any time in the trial court. No deputy is named in the sheriff's answer. Moreover, the wrong of which plaintiff complains was done by the sheriff's agent, the storage company, through sale of the property. It does not appear that any deputy participated therein. Hence, the record fails to disclose factual basis for the contention.

Counsel for appellant argues as if the word "necessary," appearing in the caption and again in the body of the section, means "indispensable." No case to this effect is cited. ▮▮▮ The pertinent distinction is set forth in *Jollie* v. *Superior Court*, 38 Cal.2d 52, 58 [237 P.2d 641]: "In *Bank of California* v. *Superior Court* (1940), *supra*, 16 Cal. 2d 516, 522 [106 P.2d 879], after first reviewing cases in which various persons were held to be 'indispensable parties,' this court declared that 'The other classification ["necessary parties"] includes persons who are interested in the sense that they might possibly be affected by the decision, or whose interests in the subject matter or transaction are such that it cannot be finally and completely settled without them; but nevertheless their interests are so separable that a decree may be rendered between the parties before the court without affecting those others. These latter may perhaps be "necessary" parties to a complete settlement of the entire controversy or transaction, but are not "indispensable" to any valid judgment in the particular case.' "

▮▮▮ A sheriff is liable as principal for torts of his deputy upon the same basis as the employer of a private agent.

They are jointly and severally liable and, except as affected by statute, may be jointly and severally sued. (See 23 Cal.Jur., § 31, p. 323; *Silva* v. *MacAuley*, 135 Cal.App. 249, 257 [26 P.2d 887, 27 P.2d 791]; *Black* v. *Bringhurst*, 7 Cal.App.2d 711, 714 [46 P.2d 993].) Appellant concedes that ''It is quite true that the respondents could have sued the Sheriff alone and obtained a judgment against him without joining the principal. The liability of principal and agent for the torts of the agent is joint and several and the injured party may sue either or both.'' When the Legislature enacted section 26685 (which originally was Pol. Code, § 4166.5), and used the word ''necessary'' it is presumed to have had the prevailing distinction in mind. The original enactment was in 1939 and the difference between ''necessary'' and ''indispensable'' parties had been explained frequently before that date. (See *Ambassador Petroleum Co* v. *Superior Court*, 208 Cal. 667, 671 [284 P. 445]; 20 Cal Jur. § 20, p. 510; § 32, p. 531.) We perceive no sound basis for holding the deputy to be an indispensable party. Any objection to nonjoinder of a necessary party was waived by failure to make the same in the trial court. (*Elbert, Ltd.* v. *Gross*, 41 Cal.2d 322, 332 [260 P.2d 35]; *Landon* v. *Landon*. 74 Cal.App.2d 954, 958 [169 P.2d 980].)

As above indicated, defendant Lerman, as cross-complainant, sought and recovered from plaintiff Reynolds $3,941. plus attorney fees, on account of abandonment of his lease. Arguing from the questionable premise that the attaching officer is the agent of the attaching creditor (*cf. Davidson* v. *Dallas*, 8 Cal. 227, 259), appellant urges that the judgment should run against Lerman, as well as himself, because the principal is liable for the torts of his agent; ''that therefore the damage to the respondents by reason of the loss of the property should have been offset against the respondents' liability to the defendant and cross-complainant Lerman on account of unpaid rent; that the appellant was entitled to have the benefit of respondents' liability to Lerman to the extent of the damages assessed against appellant.''

It is doubtful whether this question is properly before us because there has been no appeal from any portion of the judgment except that which awards $1,500 damages against the sheriff, and no issue was drawn between the sheriff and Lerman with respect to this matter. (See 3 Cal.Jur.2d § 46. p. 474.) Be that as it may, the argument is basically unsound for a principal whose agent has committed a tort

is, as between the two of them, only secondarily liable and is entitled to indemnification from the erring agent. ''The employee's responsibility is primary. He is responsible because he committed the wrongful or negligent act. The employer's responsibility is secondary, in the sense that he has committed no moral wrong, but under the law is held accountable for his agent's conduct. While both may be sued in a single action, a verdict exonerating the agent must necessarily exonerate the principal, since the verdict exonerating the agent is a declaration that he has done no wrong, and the principal cannot be responsible for the agent if the agent has committed no tort. While no right of contribution exists between joint tort feasors, whether sued separately or collectively, there exists in the kind of case here presented much more than the mere right of contribution. The principal who has been obliged thus to pay for the unauthorized negligent act of his agent resulting in injury may indemnify himself to the full amount against his agent.'' (*Bradley* v. *Rosenthal*, 154 Cal. 420, 423 [97 P. 875, 129 Am.St.Rep. 171].)

Finally appellant contends, without citation of supporting authority, that Reynolds, the attachment debtor, was not entitled to the return of his property at the time of sale and hence cannot recover for the sheriff's wrongful conversion of the same. The sale was made on November 3, 1949; Lerman did not recover judgment in the municipal court until after January 10, 1950; this action, so far as the sheriff is concerned, was commenced on April 13, 1951. The attachment had not been released or discharged prior to recovery of the municipal court judgment and it is apparent that Reynolds did not have the right of immediate possession at the time of the sheriff's tortious sale. But he was the owner and we hold that in a case such as this, where the sale divests the owner's title entirely, right of immediate possession is not essential to his recovery for conversion. True, the general rule seems to be that title without immediate right to possession is not sufficient basis for a conversion action, but this rule reflects common law concepts as to the action of trover and has no sound basis for survival with respect to a factual situation such as we have at bar. Professor Prosser, in his Law of Torts, second edition, at page 68 says: ''But an owner who had neither possession nor the immediate right to it at the time of the conversion could not maintain trover. His remedy was an action on the case for the damage to his interest in the goods. The dis-

tinction persists today in nearly all courts, but it has nothing to recommend it." See also Warren, *Qualifying as Plaintiff in an Action for a Conversion*, 49 Harvard Law Review 1085, 1100, 1105-1107. Be the general rule in California what it may, our specific problem is definitely decided adversely to appellant's contention by the Aigeltinger case, *supra*, 133 Cal. 110, 112. A contrary ruling would result in an absurd result. Lerman's judgment was for the sum of $305 and his interest in the property extended no further. The property was worth $1,500 and unless plaintiff recovers from the sheriff his tort stands without an effective means of redress, thus belying the ancient maxim that "For every wrong there is a remedy." (Civ. Code, § 3523.)

Defendant Lerman, who is not a party to this appeal, has appeared through Attorney Samuel W. Blum as amicus curiae on behalf of respondent. Foreseeing affirmance, he claims costs on appeal, relying upon Rule 26a of Rules on Appeal, which relates to costs in favor of the prevailing party or an apportionment between the parties under specified circumstances. It also contains this sentence: "In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper." This is the basis of Mr. Lerman's claim. He cites no authority and we are persuaded that none exists which would justify a ruling that this language authorizes an award of costs to anyone who is not a party to the appeal. We hold that no such award would be proper.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.